BROWN
v.
PARKER.

---

## BROWN *v.* PARKER, Assignee.

A suit on a replevin-bond, conditioned to prosecute the action of replevin with effect and without delay, and to return the goods if a return should be awarded,—may be sustained if the plaintiff in the action of replevin do not succeed, though there be no award of a return of the goods.

ERROR to the *Tippecanoe* Circuit Court.      *Friday, May 29.*

SULLIVAN, J.—This was an action of debt founded on a replevin-bond, commenced by *Parker,* assignee of the sheriff of *Tippecanoe* county, against *Brown,* the plaintiff in this Court, and one *Lorenzo Lively.*   The condition of the bond, as set out on *oyer,* was, that if *Lively* should prosecute a certain action of replevin, commenced by him against *Parker,*

May Term, 1840.

Brown
v.
Parker.

with effect and without delay, and duly return the cattle mentioned in the condition of the bond, if a return should be awarded by the Court, the bond should be void, &c.

The defendant pleaded five pleas; 1. That *Lively* did prosecute his action of replevin with effect and without delay. 2. That no return of said cattle had been awarded. The third, fourth, and fifth pleas, to which demurrers were sustained by the Court, are so clearly indefensible, that it is not necessary to notice them in this opinion. To the first plea there was a replication, that *Lively* did not prosecute his suit with effect. To the second, a general demurrer was filed, which was sustained by the Court. The trial of the issue on the first plea was, by consent of parties, submitted to the Court, and judgment given for the plaintiff. On the trial, the plaintiff proved by the record, that the action of replevin had been decided in favour of the defendant, but no return of the goods had been awarded.

It is objected, that the Court erred in sustaining the demurrer to the second plea, inasmuch as there could be no forfeiture of the bond, unless a return of the goods and chattels in the action of replevin had been awarded by the Court, and a return refused. If the condition of the bond was simply, that the obligors would return the goods in case a return should be awarded, the objection might perhaps be well taken; but the condition is not only that the obligors will return the property if it shall be adjudged, but that the suit shall be prosecuted with effect. Each part of the condition is independent of the other, and the condition is broken and the bond forfeited by a failure in either. *Perreau* v. *Bevan*, 5 Barn. & Cress. 284. The second plea, therefore, was no bar to the plaintiff's action, and the demurrer to it was well sustained.

In the case last cited, it is also decided that a failure to prosecute a suit with success, is a failure of prosecuting it with effect. The action of replevin must be prosecuted to a successful decision, otherwise it is no compliance with the condition of the replevin-bond. *Morgan* v. *Griffiths*, 7 Mod. 380.—*Dias* v. *Freeman*, 5 T. R. 195. The record introduced as evidence on the trial of this cause, showed that the plaintiff in the action of replevin did not prosecute that suit

with success, but, on the contrary, that judgment was given against him for the costs.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Pettit*, for the plaintiff.

*A. S. White* and *R. A. Lockwood*, for the defendant.