SHERRY and Others *v.* THE STATE BANK OF INDIANA.

A person was erroneously joined as a co-plaintiff in a writ of error, and having no interest in the proceedings, his name was struck out in the Supreme Court, after the execution of the supersedeas bond. *Held,* that the amendment did not discharge the sureties in the bond.

In error upon a judgment against the defendant in ejectment, the supersedeas bond, under the R. S. 1843, rendered the obligors liable for the mesne profits, whether they were received by the judgment-defendant or not.

From a judgment against the defendant, in ejectment, he prosecuted a writ of error to the Supreme Court, and executed a supersedeas bond, with sureties, to stay further proceedings upon the judgment. The judgment having been affirmed, suit was brought on the bond. *Held,* that the defendants could not, in this suit, be allowed for the value of improvements made.

In debt upon a supersedeas bond there was issue on a plea of *nul tiel record.* The Court did not formally find upon that issue; but the record showed that the issue was proved in favor of the plaintiff, and the Court rendered a general judgment upon the verdict of the jury. *Held,* that a judgment upon the plea of *nul tiel record* must be regarded as included in the general judgment.

After a motion in arrest of judgment a motion for a new trial will not be entertained.

ERROR to the *Tippecanoe* Court of Common Pleas.

*Per Curiam.*—Debt on bond. Judgment for the plaintiff.

The bond was given to stay proceedings in an ejectment, during the pendency of a writ of error.

One person was erroneously joined as a co-plaintiff in the writ, and, having no interest in the proceedings, his name was stricken out in the Supreme Court, after the supersedeas bond had been given. It is contended that this amendment discharged the sureties on the bond, but we think not. The law permitting such amendments was known to those executing the bond, and it must be supposed to have been signed subject to all such contingencies. The amendment did not abate the writ of error, for the prosecution of which the bond was given.

Another question is made as to the amount recoverable for mesne profits. It is contended that the plaintiff could only recover for them while it was shown that the plaintiffs in the writ of error were in the reception of them. We think the position untenable. The bond prevented

the plaintiff in the ejectment from taking possession, and, hence, it was not material who enjoyed the rents and profits. The plaintiff relied on the supersedeas bond, and it was conditioned for the payment of the mesne profits "as well before as during the pendency of the writ of error." The Court below allowed them to be recovered from the time of the demise laid in the declaration in the ejectment suit.

We think the defendants were not entitled to deduct, in this suit, the value of improvements made.

There was no formal finding by the Court of the issue upon the plea of *nul tiel record;* but as the record shows the issue was proved in favor of the plaintiff, and the Court rendered a general judgment on the finding of the jury, we must regard the judgment on the plea of *nul tiel record* as included in that judgment.

After the coming in of the verdict of the jury assessing the damages, a motion was made in arrest of judgment, which motion was overruled. Subsequently a motion was made to set aside the verdict and for a new trial, which was also overruled. This latter motion was made too late to be noticed, and the former was correctly overruled.

The judgment below is affirmed with costs.

*R. C. Gregory* and *R. Jones,* for the plaintiffs.

*H. W. Chase,* for the defendant.