# St. Louis and Southeastern Railway Co.

*v.*

## Isham Wheelis.

1. Jury—*challenging the array.* The practice is, that there can be no challenge of the array till first there is a full jury.

2. Presumption—*always in favor of action of the court.* The presumption is always in favor of the action of the court below, in a suit at law, and the party alleging error must show it by the record; and where the record does not show that any evidence was offered in support of a motion to quash the panel of jurors, on a challenge of the array, the motion was properly denied.

Appeal from the Circuit Court of Jefferson county; the Hon. Tazewell B. Tanner, Judge, presiding.

Mr. J. M. Hamill, for the appellant.

Messrs. Casey & Dwight, for the appellee.

Mr. Chief Justice Walker delivered the opinion of the Court:

The first objection urged is, that the court below erred in not quashing the panel of jurors on the challenge of the array. The practice is, that there can be no challenge of the array till first there is a full jury.   *The King* v. *Edmonds*, 4 Barn. and Ald. 471; Hawk. P. C. vol. 2, chap. 43, sec. 1; 1 Arch. Prac. 204; Crown Circuit Compan. 13.   In the case in Barn. and Ald. it is said that it is an established rule, as to proceedings of this kind, "that no challenge, either to the array or to the polls, can be taken, until a full jury shall have appeared; and if twelve of those named in the original panel do not appear, a *tales* must be prayed, and the appearance of twelve obtained before any challenge be made."

In this case, appellant, when the jury were called, challenged the array, but the motion was overruled.   This was correct practice, as laid down in *The King* v. *Edmonds, supra ;* but it does not appear that any grounds were shown to sustain the motion.   It is true that an affidavit of the county clerk appears in the bill of exceptions, but it does not appear how or for what purpose it is there.   There is no statement that it was read to the court or offered in evidence on the hearing of the motion.   For aught that appears, no evidence was heard by the court, and if so, the judge could not do otherwise than deny the motion.   The presumption always being in favor of the action of the court below, the party alleging error must show it by the record, which has not been done in this case.

The evidence is sufficient to warrant a jury in the conclusion that the animals were killed at a place where the company was required to fence its track.   The evidence is, that it was on appellee's farm, which was a mile from the town of Ashley. From this, it appears the place was within five miles of a settlement, and was not in a town or village.   The fact that it

was within a farm, negatives the idea that it may have been in a village or town. The evidence strongly tends to show that the stock got on the road at a place not fenced, as they were found at such a place, and there is nothing to show that the road is fenced anywhere in the vicinity of the accident. The evidence shows that the road had been opened for use for two years or more. The evidence embraces the entire road, and if the whole road had been opened two years, and as the whole includes all the parts, this portion must have been so opened.

The evidence warranted the jury in finding that the hay and rails were destroyed by fire communicated from appellant's engines; and appellee being in possession, and testifying that the farm was his, the evidence was sufficient to justify the finding. Again, the hay, and rails not in the fence, are personal property, and appellee testified they were his, and there is no evidence that the rails were attached to the freehold.

All the evidence considered, we fail to see how the jury could have found otherwise than they did. We perceive no error in the instructions, nor do we think that the damages are in the least excessive.

The judgment of the court below must be affirmed.

*Judgment affirmed.*