CHARLES D. BOOM *vs.* ST. PAUL FOUNDRY &.MANUFACTURING COMPANY.

### March 11, 1885.

**Replevin Bond—Breach of Condition.**—The condition of a replevin bond, that the plaintiff shall prosecute the action with effect, means that he shall prosecute with success, or to a successful termination, and is broken if the action is dismissed.

**Same—Action on Bond.**—An action will lie on the bond for such breach, although no judgment was awarded, as there should have been, for a return of the property to the defendant.

**Replevin—Judgment of Dismissal—Determination of Title.**—Upon the trial of an action of replevin, involving an issue of·title in the defendant, the cause was submitted to the court for decision, without a jury. The court made its decision, holding that the defendant was entitled to a "judgment of dismissal," which, by order of the court, was entered. It appearing, from the conclusions of the court, stated as required by statute, that the judgment of dismissal was based upon a determination of the issue of title in favor of the defendant, *held,* that such judgment is conclusive as to the fact so decided.

Appeal by defendant from an order of the district court for Ramsey county refusing a new trial after a trial by *Brill,* J., without a jury.

*Campbell & Odell,* for appellant, cited *Chambers* v. *Waters,* 7 Cal. 390; *Clark* v. *Norton,* 6 Minn. 277, (412;) *Pettygrove* v. *Hoyt,* 11 Me. 66; *Peck* v. *Wilson,* 22 Ill. 205.

*S. A. Plumley,* for respondent.

DICKINSON, J.   In a former action in the nature of replevin, brought by this defendant against this plaintiff, a recovery of the possession of a portable steam-engine was sought.   The statutory bond required in such actions was given, the plaintiff (this defendant) being the principal obligor.   Upon the proper requisition the property was taken from the defendant, Boom, and delivered to the plaintiff in that action.   The cause was tried before the court without a jury, upon an agreed statement of the facts, and upon the pleadings, showing among other things that the plaintiff's (this defendant's) right was that of a mortgagee, from two persons owning the property as tenants

in common, and that the defendant's (Boom's) asserted claim was that of ownership of the undivided one-half of the property by purchase from one of such owners, *bona fide*, and without notice of the mortgage. From the pleadings and the stipulated facts the court found, as conclusions of law, that the defendant was the owner of such half interest at the time of the commencement of that action, that the plaintiff's mortgage ceased to be valid, as against the defendant's (Boom's) interest, at a time prior to the commencement of that action. The court further concluded that, as to the right of possession, the relation of the parties was that of tenants in common, and therefore that the action could not be maintained; that the defendant was entitled to judgment of dismissal, but without prejudice to a future foreclosure of the plaintiff's mortgage; that defendant could not recover damages for detention. The court ordered judgment to be entered accordingly, and thereupon judgment was entered dismissing the action. No return of the property to the defendant was adjudged.

Subsequent to the proceedings above recited, this action was commenced upon the replevin bond. The condition of the bond is that the plaintiff "shall prosecute said action with effect, and return said property to said defendant, if a return is adjudged, and shall pay to him such sum as for any cause may be recovered against the plaintiff." The breach for which a recovery is sought is that this defendant did not prosecute its action with effect.

The condition to prosecute the replevin action "with effect" is to be construed as meaning with success, or to a successful termination. *Morgan* v. *Griffith,* 7 Mod. 380; *Perreau* v. *Bevan,* 5 Barn. & C. 284; *Jackson* v. *Hanson,* 8 M. & W. 477; *Tummons* v. *Ogle,* 37 Eng. Law & Eq. 15; *Gibbs* v. *Bartlett,* 2 Watts. & S. 29; *Brown* v. *Parker,* 5 Blackf. 291; *Berghoff* v. *Heckwolf,* 26 Mo. 511. The judgment was not such as should have been rendered upon the facts as determined by the court. The court probably forbore to order judgment for a return of the property to the defendant, upon the theory that since both parties had, as was considered, equal rights to the possession of it, no judgment for possession should be awarded in favor of either. But if both parties had equal rights to a possession of the property,

neither should resort to the legal remedy of replevin to take the property from the possession of the other; and where the plaintiff in replevin does not show that he is entitled to this remedy, by establishing his alleged right of possession as against the defendant, the parties should be placed *in statu quo* by a restoration of the property to him from whom it had been taken.   Effect should not be given to the proceeding as a means of transferring the possession of property to a plaintiff who is not entitled to a judgment awarding possession to him.   But while the judgment did not award to the defendant in that action what he was entitled to—the return of the property—it determined nothing in favor of the plaintiff as to its right of possession.   On the contrary, it did determine that the plaintiff could not maintain the action for the recovery of the property.   The condition to prosecute with effect was therefore broken.

It was not necessary to the maintaining of an action for this breach of the bond that there should have been a judgment in the replevin action for a return of the property, or for damages.   This condition is distinct and independent of the other conditions of the bond, and for its breach an action will lie.   *Morgan* v. *Griffith, supra; Gibbs* v. *Bartlett, supra; Balsley* v. *Hoffman,* 13 Pa. St. 603 ; *Gardiner* v. *Mc-Dermott,* 12 R. I. 206 ; *Persse* v. *Watrous,* 30 Conn. 139 ; *Manning* v. *Manning,* 26 Kan. 98 ; *Hall* v. *Smith,* 10 Iowa, 45 ; *Berghoff* v. *Heckwolf, supra; Brown* v. *Parker, supra; Smith* v. *Whiting,* 100 Mass. 122.

*Clark* v. *Norton,* 6 Minn. 277, (412,) relied upon by the appellant, is not opposed to this.   There had been no breach of any condition of the replevin bond in that case, and the language of the court, considered with reference to the facts, does not support the position of the appellant here.

The further question is presented as to whether the former judgment "dismissing the action" of this defendant against this plaintiff had the effect of a final determination as to the issues of title therein involved, or had only the effect of a nonsuit or discontinuance.   While the action was in the nature of a common-law action of replevin, the judgment was substantially in the form adopted in chancery when, the determination being in favor of the defendant, the bill was dismissed.   Such a judgment was unknown at the common law.   *Bond*

v. *McNider*, 3 Ired. Law, 440; Freeman on Judgments, § 261. In equity a judgment in that form would ordinarily be deemed a final adjudication on the merits, unless a right to further litigate the issues was in some way expressly reserved, or unless it appeared that the judgment was based upon some ground not involving a decision on the merits. *Foote* v. *Gibbs*, 1 Gray, 412; Freeman on Judgments, § 270. Since the form of this judgment does not disclose whether it was made upon a determination of the merits, we may look to expressed conclusions of the court made in conformity with the statute. It is there apparent that the court determined the fact to be that the defendant (this plaintiff) was the owner of an undivided half of the property, discharged of the lien of the mortgage, and that *for that reason* the plaintiff in that action had no right of possession to the exclusion of the adverse party. It was *because* of this determination of the issue of title that the court considered that the defendant was "entitled to judgment of dismissal," and directed judgment accordingly. It was an adjudication upon the merits, and conclusive, although the judgment was not in the ordinary form of a judgment at law in favor of the defendant. See *McClung* v. *Condit*, 27 Minn. 45. This conclusion is strengthened by reference to our statute relating to the dismissal of actions and to nonsuits, (Gen. St. 1878, *c.* 66, § 262,) which, after prescribing that an action may be dismissed without a final determination of its merits, in certain specified cases, within none of which can the case under consideration be classed, provides that "all other modes of dismissing an action, by nonsuit or otherwise, are abolished."

The provision that the judgment should be "without prejudice to any proceeding which the plaintiff may hereafter take looking to the foreclosure of its mortgage, or the perfection of its legal title to said property," had reference to that mortgage interest which the court recognized as still in force; that is, as to the undivided one-half of the property. The court was careful to so provide that the adjudication in favor of the defendant as to his title, discharged of the mortgage, should not be deemed to estop the mortgagee from enforcing its mortgage as to the other undivided half of the property.

Order affirmed.