WILLIAM S. VINYARD *et al.*

*v.*

JACOB H. BARNES, for use, etc.

*Filed at Springfield March 28, 1888.*

1. SURETY—*liability—strict construction.*  The undertaking of a surety is to be construed strictly, and can not be varied or enlarged by judicial construction.

2. REPLEVIN—*of the judgment, as fixing the rights of the parties— presumption, when no return is awarded.*  The right of the defendant in replevin to the possession and return of the property is determined by the judgment.  When no return is awarded in a judgment for the defendant, it will be presumed that it was made to appear that the plaintiff had become entitled to the possession of the property.

3. REPLEVIN BOND—*two-fold character of its conditions—breach.*  The conditions in a replevin bond to prosecute the suit to effect, and to make return of the property, are distinct ones, and the condition is broken and the bond forfeited by a failure in either; but evidence of a breach of the former condition can not be held sufficient proof of a breach of the latter.

4. SAME—*measure of damages in suit on the bond, in case no return is awarded.*  Under a replevin bond conditioned that "the plaintiffs shall prosecute their suit to effect and without delay, and make return of the said property if return thereof shall be awarded," there can be no recovery of the value of the property replevied, without proof of a judgment awarding its return.

5. PRESUMPTION—*in support of the judgment below.*  In the absence of any showing to the contrary, it is always to be assumed that the judgment rendered by the court was the right one to be rendered in the case.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Piatt county; the Hon. JAMES F. HUGHES, Judge, presiding.

Messrs. MOSES & NEWMAN, for the appellants:

There was, substantially, but one breach alleged in the amended declaration, viz., that the defendants did not prosecute their suit with effect.   The usual practice, when the defendant is found not guilty on a contesting plea, is to award a *retorno habendo;* but it is not necessary the writ shall in fact

issue. *Manning* v. *Pierce*, 2 Scam. 6 ; *Hunter* v. *Sherman,* id. 543 ; *Anderson* v. *Talcott,* 1 Gilm. 370 ; *Johnson* v. *Howe,* 2 id. 342.

The court must presume there was a legal reason for a dismissal without an award. If there were but a plea of *non cepit* or *non detinet* on file, there could be no award for a return. *Johnson* v. *Howe,* 2 Gilm. 345.

As to presumption in favor of the judgment, see *Camp* v. *Small,* 44 Ill. 37 ; *Morton* v. *People,* 47 id. 468 ; *Hermann* v. *Pardrige,* 79 id. 471 ; *Clark* v. *Norton,* 6 Minn. 418.

As to liability on replevin bond, see *Perreau* v. *Bevan,* 5 Barn. & Cress. 284 ; *Turner* v. *Turner,* 2 Brod. & Bing. 107 ; *Page* v. *Evans,* 1 Boss. & Pull. 378 ; *Yea* v. *Lethbridge,* 4 T. R. 433 ; *Brown* v. *Parker,* 5 Blackf. 291 ; *Thomas* v. *Irwin,* 90 Ind. 557.

The condition to return the property, if that is awarded, is not the same as that covered by the condition to prosecute the action with effect. *Brown* v. *Parker,* 5 Blackf. 291 ; *Cleary* v. *Noland,* 24 Cal. 148 ; *Clark* v. *Norton,* 6 Minn. 412 ; *Badlam* v. *Tucker,* 1 Pick. 284 ; *Gallarati* v. *Ovser,* 27 N. Y. 324 ; *Cooper* v. *Brown,* 7 Dane, 333 ; *Ashley* v. *Peterson,* 25 Wis. 621 ; *Hollinsbee* v. *Ritchey,* 49 Ind. 261 ; *Way* v. *Barnard,* 36 Vt. 370 ; *Collamer* v. *Page,* 35 id. 392 ; *Tuck* v. *Moses,* 58 Me. 474 ; *Broadwell* v. *Paradice,* 81 Ill. 476 ; *Ladd* v. *Prentice,* 14 Conn. 116 ; *Langdoc* v. *Parkinson,* 2 Bradw. 136 ; *Goodhead* v. *Bowen,* id. 578 ; *Prentiss* v. *Mone,* 3 id. 539 ; *Troutman* v. *Hill,* 6 id. 396 ; *Kimball* v. *Citizens' Savings Bank,* 3 id. 321 ; *Matson* v. *Hanisch,* 5 id. 102 ; *Robinson* v. *People,* 8 id. 281 ; *Ledford* v. *Weber,* 7 id. 87 ; *Widdecombe* v. *Dietsch,* 12 id. 157 ; *Sermon* v. *Allan,* 15 id. 569 ; *Kantzler* v. *Albertson,* 18 id. 314 ; *Nickerson* v. *Co.* 10 Cal. 521.

Mr. S. R. REED, also for the appellants :

The statute, in cases of replevin, provides that "if the plaintiff fails to prosecute his suit with effect, or suffers a non-suit

or discontinuance, or if the right of property is adjudged against him, judgment shall be given for a return of the property," etc., "unless the plaintiff shall in the meantime have become entitled to the possession of the property, when judgment may be given against him for cost," etc. Starr & Curtis, chap. 119, sec. 22, p. 2016.

The replevin suit was dismissed. Now, what was the duty of the court in the premises, by the provisions of this statute, to award a return of the property, unless it appeared to the court that the defendant was not entitled to it? And as no return of the property was adjudged, the presumption is that the defendant in the replevin was not entitled to it. *Clark* v. *Norton,* 6 Minn. 418.

It will be presumed that courts of general jurisdiction perform their duty and try causes according to the due course of law. *Camp* v. *Small,* 44 Ill. 37; *Morton* v. *People,* 47 id. 468; *Hermann* v. *Pardrige,* 79 id. 471.

The principal was not in this case adjudged to return the property, and no action can be sustained for failure to prosecute with effect when the right of the defendant in replevin to a return is gone. *Clark* v. *Norton, supra; Pettygrove* v. *Hoyt,* 2 Fairchild, (Maine,) 68; *Chambers* v. *Waters,* 7 Cal. 390; *Kimmel* v. *Kint,* 2 Watts, 432.

When the court failed to order the sale of the property seized under the writ, it operated as a dismissal of attachment. It operated to release the property from the levy, under the writ of attachment. *Wasson* v. *Cone,* 86 Ill. 48.

The defendants in a suit on the replevin bond may show that the interest of the plaintiff, in whole or in part, had, since that time, ceased to exist. *Tuck* v. *Moses,* 58 Me. 476; *Davis* v. *Harding,* 3 Allen, 302; *Bartlett* v. *Kidder,* 14 Gray, 449.

Mr. W. E. Lodge, and Mr. H. E. Huston, for the appellee:

We think the record of the dismissal of the replevin suit shows on its face that it is no legal judgment at all; that the

·clerk, in writing up his record, has simply copied the judge's minutes, and that it lacks all the essentials of a judgment. *Martin* v. *Barnhardt,* 39 Ill. 13 ; *Faulk* v. *Kellums,* 54 id. 191 ; *Edwards* v. *Evans,* 61 id. 493.

The condition to prosecute with effect is separate and ab-·solute. If, for any cause, the plaintiff fails, or suffers a non-·suit, or verdict in judgment against him, it is· a breach of this ·condition, for which an action lies for the full penalty of the bond. *Humphrey* v. *Taggart,* 38 Ill. 229 ; 2· Sutherland on Damages, 42, 43. See, also, *Wasson* v. *Cone,* 86 Ill. 48 ; *Kerr* ·v. *Swallow,* 33 id. 380 ; *Stevison* v. *Earnest,* 80 id. 519.

Mr. Justice Scholfield delivered the opinion of the Court :

The question is presented by the rulings below, whether, ·under a replevin bond, conditioned that "the plaintiffs shall prosecute their suit to effect, and without delay, and make return of the said property, if return thereof shall be awarded," ·there can be a recovery of the value of the property replevied, without proof of a judgment awarding its return. The prin-·ciple, that the undertaking of a surety is construed strictly, :and can not be varied or enlarged by judicial construction, (*Mix* v. *Singleton,* 86 Ill. 194,) would seem to require that a negative answer be given, unless the duty to return the prop-·erty necessarily results from the failure to prosecute the suit.· It would seem quite clear that that can not be true, because it is provided by section 22, chapter 119, of the Revised Stat-·utes of 1874, that "if the plaintiff, in an action of replevin, .fails to prosecute his suit with effect, * * * judgment shall be given for a return· of the property, and damages for the use ·thereof from the time it was taken until a return thereof shall be made, unless the plaintiff shall in the meantime have be-·come entitled to the possession of the property, when judgment may be given against him for costs, and such damages as the ·defendant shall have sustained."

The right of the defendant to the possession and the return of the property is finally determined by the judgment. (*Warner* v. *Matthews,* 18 Ill. 83.) And since the record here in evidence awarded no return, we must assume that it was made to appear to the court that the plaintiff in the suit had become entitled to the possession of the property, for, in the absence of anything showing to the contrary, it is always to be assumed that the judgment rendered by the court was the right judgment to be rendered in the case. *St. Louis and Southeastern Railway Co.* v. *Wheelis,* 72 Ill. 538; *Camp* v. *Small,* 44 id. 37; *Morton* v. *People,* 47 id. 468.

The conditions to prosecute the suit to effect, and to make return of the property, are distinct, and the condition is broken and the bond forfeited by a failure in either, (*Perrean* v. *Bevans,* 5 Barn. & Cress. 284, *Brown* v. *Parker,* 5 Blackf. 291,) and so, evidence of a breach of the former condition can not therefore be held sufficient proof of a breach of the latter condition. *Thomas* v. *Irwin,* 90 Ind. 557; *Way* v. *Barnard,* 36 Vt. 370; *Collamer* v. *Page,* 35 id. 392; *Clark* v. *Norton,* 6 Minn. 419; *Pettygrove* v. *Hoyt,* 2 Fairfield, (11 Me.) 66; *Badlaw* v. *Tucker,* 1 Pick. 284; *Kimmel* v. *Kent,* 2 Watts, 432; *Ladd* v. *Prentice,* 14 Conn. 116; *Cooper* v. *Brown,* 7 Dana, (Ky.) 333; *Clary* v. *Roland,* 24 Cal. 148; *Gallarati* v. *Orser,* 24 N. Y. 324.

Counsel for appellee say that the record of dismissal "shows on its face that it is no legal judgment at all,"—that "the clerk, in writing up his record, has simply copied the judge's minutes." If this be true it can hardly help them. If they seek a recovery of the value of the property, the *onus* is on appellee to show a judgment awarding its return.

The judgments of the circuit and Appellate courts are reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion. Appellant's costs in the Appellate Court will be taxed by the clerk of this court, on certificate of clerk of the Appellate Court.

*Judgment reversed.*