GEORGE HOTZ, SHERIFF, FOR USE, ETC.,

v.

BOLLMAN BROS. CO., AND CHARLES A. CALDWELL.

*Replevin—Action on Bond—Statute of 1845—Amendment of 1879.*

1.  When false or meaningless phrases in a contract can be rejected,
and yet the body of the contract stand, it is not only lawful but proper
to reject them.

2.  The rule of construction of all contracts of voluntary obligation,
whether as to sureties or principals, is to apply that meaning and to
give that interpretation to the words used, in the light of the whole in-
strument, together with any sidelight in case of ambiguity, as will carry
out the evident intent and purpose of the parties thereto. When the
construction of the contract is thus adopted, and its meaning deter-
mined, then the rule of *strictissimi juris* applies as to sureties on such
contract.

3.  Statutory bonds taken by court officers will be liberally construed.
Courts will look to the meaning of the parties as collected from the in-
strument itself, and when the meaning is evident, will reject or trans-
pose insensible words and supply accidental omissions in the way of
mere recital.

4.  If a replevin bond as given, gives a right of action, although it
does not contain all the provisions required by a certain statute, the
signers thereof can not, when sued upon it, interpose the defense that it
does not provide for another cause of action. It can not be said to be
void if good at common law.

5.  The omission in the bond is as to the payment of costs and damages
for wrongfully suing out the replevin writ; such condition is sepa-
rate and distinct from the condition embodied in the bond sued on.
An action will lie for a breach of either, as each condition is an
independent obligation, and a failure to keep either is a ground of action.

6. The affidavit, writ and bond in a replevin suit, are a part of the same proceeding: and for the purpose of determining the identity of the bond, the date of suing out the writ and the court out of which it was sued, may be considered together—not for the purpose of supplying essential omissions in the bond, but to correct unessential recitals made for the sole purpose of identification of the bond with the suit.

7. In an action brought upon a replevin bond the same being inaccurate in certain particulars, the declaration pretending to correct such inaccuracies, a general and special demurrer being sustained thereto, this court holds said action to have been erroneous and reverses the judgment for the defendants and remands the cause.

[Opinion filed March 17, 1893.]

Appeal from the Circuit Court of Madison County; the Hon. B. R. Burroughs, Judge, presiding.

Messrs. Dale, Bradshaw & Terry, for appellant.

Messrs. Cyrus L. Cook, William C. Jones and James C. Jones, for appellees.

Mr. Justice Sample. This suit was brought by appellant, sheriff of Madison County, for use of John Tuscher on a replevin bond.

The declaration in effect avers that the appellees replevied a piano from the Wabash Railroad Co., which is averred to have been the property of Tuscher, and gave the bond in suit, and after obtaining the possession of the property, dismissed the suit when judgment for costs was entered up against them, with an order for a return of the property. The replevin suit was begun in *Madison* County Circuit Court on the *23d* day of June, 1891, whereas the replevin bond given to the sheriff recited that the writ of replevin was "sued out of the —— Court of St. Clair County, aforesaid, on the *22d* day of June, 1891." The obligatory part of the condition of the bond recited: "Now if the said Bollman Bros. Company, plaintiff, shall prosecute its suit to effect and without delay, and make return of the said property, if return thereof shall be awarded, and save and keep

harmless the said sheriff in replevying the said property, then this obligation to be void, otherwise to remain in full force and effect.

"Witness our hands and seals, this 22d day of June, 1891."

The conditions of the above bond were those required by the Revised Statutes of 1845, but by an amendment thereto in 1879, the following was added: "And further conditioned for the payments of all costs and damages occasioned by wrongfully suing out said writ of replevin."

The declaration noted said errors as to the date of suing out the writ, and the court from which it was sued out, as follows: "And the plaintiff alleges that in said writing obligatory it is set forth that said Bollman Bros. Company had on the *22d* day of June, A. D. 1891, sued out of the ———— Court of *St. Clair County* a writ of replevin, which said ———— Court of *St. Clair County*, plaintiff alleges, was intended and meant by the parties for the Circuit Court of *Madison County* aforesaid, and the date of said suing erroneously written *22d* instead of 23d of June, the true date of such suing out," etc.

A general and special demurrer was filed to the declaration and sustained by the court, and, the plaintiff electing to stand by his declaration, his suit was dismissed with costs, etc.

The only error assigned is upon the ruling of the court. No technical point is made as against the declaration.

The position of appellee is that the errors of the bond can not be cured by averments or proof. The demurrer admits as a fact that the writ was sued out of the Circuit Court of *Madison* County on the *23d* day of June, 1891, and executed by the sheriff of said county, to whom the replevin bond was given, and that such facts will appear on the face of such papers; that by virtue of such writ and bond the defendants got possession of said property, which belongs to Tuscher, and, notwithstanding the judgment of the court, refuse to return the same to him or the sheriff for his benefit. The affidavit, writ and bond are a part of the same proceeding; and for the purpose of determining

the identity of the bond, the date of suing out the writ and the court out of which it was sued may be considered together—not for the purpose of supplying essential omissions in the bond, but to correct unessential recitals made for the sole purpose of identification of the bond with the suit.

The part of the bond which recites the date of suing out the writ of replevin, and the court out of which it was sued, is not the statutory part of the bond. The statute does not require such recitals. Even if it did, and the whole proceedings taken together and considered as one should show the correct date, and the proper court, then such other papers would be resorted to for the purpose of identification.

If such recitals were left blank, the obligatory part of the bond could stand and extraneous proof would have to be resorted to in order to identify the bond with the suit in which it was given.

The error committed in reciting the wrong date of the commencement of the replevin suit is immaterial, as has been held in the case of Graves v. Shoefelt, 60 Ill. 462–4. In that case it was recited in the replevin bond that the writ was sued out " on or about the 3d day of August," whereas the record showed that it was on the 20th day of August. The court held that this variance was immaterial. The suit and the property replevied were sufficiently described to give the obligee a complete remedy upon the bond.

The other erroneous recital " of the ——— Court of St. Clair County aforesaid " is on its face a false recital. The other recitals show this fact. It is so incongruous when considered in connection with the whole bond and the averments of facts in the declaration that it is utterly meaningless; when such false or meaningless phrases in a contract can be rejected and yet the body of the contract stand, it is not only lawful but proper to do so.

This rule has long since crystallized into a maxim of law which subserves the ends of justice in the enforcement of contracts according to the plain intent of parties to them,

instead of their invalidation. Coons v. The People, 76 Ill.
383. The rule of construction of all contracts of voluntary
obligation, whether as to sureties or principals, is to apply
that meaning and give that interpretation to the words used,
in the light of the whole instrument, together with any side
light, in case of ambiguity, as will carry out the evident
intent and purpose of the parties thereto; when the con-
struction of the contract is thus adopted, and its meaning
determined, then the rule of *strictissimi juris* applies as to
sureties on such contract, and not till then.

Statutory bonds taken by court officers will be liberally
construed. Courts will look to the meaning of the parties
as collected from the instrument itself, and, when the mean-
ing is evident, will reject or transpose insensible words, and
supply accidental omissions in the way of mere recital. See
2 Am. & Eng. Encyclopedia of Law, 260, Sec. 10, and author-
ities there cited; Hibbard v. McKindley, 28 Ill. 240; Schill
v. Reisdorf, 88 Ill. 411. A bond in replevin will be liberally
construed for the purpose for which it was given. Cobbey
on Replevin, Sec. 1282.

It is also contended that the bond is invalid because it
does not contain all the provisions required by the amend-
atory act of 1879. If the bond as it is gives a right of action,
then the signers can not, when sued upon it, interpose the
defense that it does not provide for another cause of action.
They got the property on the faith of their obligation, and
they can not now be heard to say it is void if it is good at
common law. Cobbey on Replevin, Sec. 1287. The omission
in this bond is as to the payment of the costs and damages
for wrongfully suing out the writ. That condition is sep-
arate and distinct from the conditions embodied in the bond
sued on. An action will lie for a breach of either, as each
condition is an independent obligation, and a failure to keep
either one is a ground of action. Cobbey on Replevin,
Sec. 671; Vinyard v. Barnes, 124 Ill. 346. It was error to
sustain the demurrer, and the judgment will be reversed
and the cause remanded.

*Reversed and remanded.*