A. E. KATZ v. AMERICAN BONDING & TRUST COMPANY OF BALTIMORE CITY.[1]

May 9, 1902.

Nos. 12,945—(103).

**Bond in Replevin.**

The plaintiff in an action in claim and delivery executed the usual bond, which was conditioned that he would prosecute the action with effect, and pay to defendants any sum that might for any cause be recovered against him. Defendants rebonded the property. The cause proceeded to trial, and resulted in a judgment that plaintiff take nothing by the action, and awarding to defendants the costs and disbursements of the action, but there was no formal adjudication that the

[1] Reported in 90 N. W. 376.

property be returned to him. In this action—one to recover upon the bond for the failure of plaintiff to pay the judgment for costs—it is *held* (1) that the condition of the bond, that plaintiff will pay to defendants any sum that shall for any cause be recovered against him, covers the costs and disbursements of the action, and the surety on the bond is liable therefor; and (2) the fact that the judgment did not formally adjudge a return of the property to defendant in no way affected his right of recovery upon the bond for the costs and disbursements awarded by the judgment.

## Same—Intervention in Action.

The fact that a third person intervened in the claim and delivery action, making claim to the property involved therein, did not enlarge, diminish, or in any way change the obligations or liability of the surety on the bond.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., overruling a demurrer to the complaint. Affirmed.

*Munn & Thygeson,* for appellant.

*Humphrey Barton* and *John E. Samuelson,* for respondent.

BROWN, J.

Action to recover upon a bond given by the plaintiff in an action in claim and delivery, defendant in this action having executed the same as surety. A general demurrer was interposed to the complaint, and defendant appeals from an order overruling the same.

It appears from the complaint that one Charles Hlavac brought an action in claim and delivery in the district court of Ramsey county against the plaintiff in this action and one Charles E. Katz. Defendants therein answered, claiming to own and to be entitled to the possession of the property, and demanding judgment therefor, and for the costs and disbursements of the action. Subsequently Joseph Hlavac and Franziska Hlavac, also claiming to own the property involved in the action, filed a proper complaint, setting forth their title, and demanding judgment that the same be delivered to them. Upon the issues thus formed, the cause proceeded to trial, resulting in a verdict in favor of the intervenors which was subsequently, on motion of defendants, set aside, and judgment ordered in their favor notwithstanding the same, to the

effect that plaintiff and intervenors take nothing by the action, and ordering and adjudging that defendants have and recover of plaintiff and said intervenors, and each of them, the sum of $397.90, costs and disbursements of the action. The judgment still remains of force and wholly unpaid, and this action was brought to recover the amount thereof against defendant, surety on the bond given by the plaintiff in that action. Defendants in the former action rebonded the property, and had possession thereof at the time of the trial and entry of the judgment.

1. Defendant contends that, by reason of the fact that the intervenors came into the action and asserted a right to the property in question adverse to both plaintiff and defendants, the situation of the parties in respect to the obligations of the bond became materially changed, and defendant was discharged from liability; the bond not having been executed in contemplation of any such intervention. We are unable to see upon what course of reasoning the intervention can in any way affect the liability of the surety. Plaintiff was in no way responsible for it; he could not have prevented it; and the result of that action being the dismissal of the intervenors' complaint, and a judgment in favor of defendants, on the merits, against both intervenors and plaintiff therein, renders the fact that third persons intervened wholly immaterial. Defendants were successful in the action; plaintiff therein failed to prosecute it with effect; and it is of no consequence that the intervenors appeared, and their appearance in no way changed defendant's liability. Moreover, the bond was executed and delivered to defendants in that action for their benefit, and to protect their rights, and became a contract, payable in case of default to them; and it was not within the power of the principal in the bond, or third persons, strangers thereto, by any act on their part not assented to by defendants, to change, modify, or extinguish the liability thereunder.

2. It is also contended that, because the final judgment did not award a return of the property to defendant, there is no liability under the bond; and the case of New England Carpet Co. v. Bryant, 64 Minn. 256, 66 N. W. 974, is cited as sustaining this contention. As we have already noted, defendants in the claim

and delivery action rebonded the property, and retained possession thereof pending the action. and had such possession at the time the judgment was entered. It was not absolutely necessary in such a condition of the action that judgment be entered awarding a return of the property to the party having it, though that is, as a rule, the proper course to pursue. The judgment, being, in form, that plaintiff and intervenors take nothing by the action, was one on the merits in favor of the defendants, and equivalent to a formal adjudication that the property be returned to them. Boom v. St. Paul F. & M. Co., 33 Minn. 253, 22 N. W. 538.

The case of New England Carpet Co. v. Bryant, supra, is not in point. That action was brought on a redelivery bond, and the judgment did not provide for a return of the property, but awarded an absolute money judgment for its value, and gave the defendant no opportunity to return it to plaintiff. This the court properly held was unauthorized, and that there was no liability on the bond, because its conditions were to return the property, or pay its value in case return was not made; that plaintiff could not, in such a case, elect to take a judgment for the value of the property.

In the case at bar there had been, in the claim and delivery action, a redelivery of the property to defendants, and the value thereof was not involved, and no damages were claimed for a failure to redeliver it; nor was the action predicated upon a breach of the bond in that respect. The only matter here in controversy is that of costs adjudged against plaintiff for his failure to prosecute his action with effect. The question of costs was in no way involved in the Bryant case.

3. It is also contended that there is no liability in this case for the costs of the action, for the reason that the bond is not so conditioned.

The conditions of the bond are that plaintiff will "prosecute said action with effect * * * and shall pay to them [defendants] such sum as for any cause may be recovered against the plaintiff." The position of appellant is that these conditions do not include the costs and disbursements of the action, but refer exclusively to such damages as may be recovered against the plaintiff for a failure on his part to redeliver the property to defendants. We are

unable to concur in this position.   G. S. 1894, §§ 5498, 5500, provide that the prevailing party in actions in the district court shall recover his costs and disbursements.   There is no question but that this plaintiff was the successful party in the claim and delivery action, and that he was entitled to his costs and disbursements, under the statutes.   The bond must be taken to have been executed in view of these statutory provisions, and to have become a part of the contract evidenced thereby.   Sherry v. State Bank, 6 Ind. 397.   There can be no serious doubt as to this question, and we hold, without further discussion, that the conditions of the bond were broad enough to cover the costs and disbursements, and recovery may be had therefor.   Rhodes v. Burkart, 28 S. C. 155, 5 S. E. 347; Hall v. Tillman, 110 N. C. 220, 14 S. E. 745.

What was said in New England Carpet Co. v. Bryant, supra, in construing the bond there involved, must be construed in reference to the questions presented in that case.   There was no intention of holding in that case that the conditions of the bond did not cover costs and disbursements.   The question was not presented in that case.

Order affirmed.