**Ernest J. Magerstadt, for the use of T. A. Shaw & Company, Plaintiff in Error, v. Wentworth G. Field et al., Defendants in Error.**

### Gen. No. 15,355.

1. APPEALS AND ERRORS—*when rulings upon evidence saved for review.* Where the court improperly excludes from the consideration of the jury evidence which has been admitted and which tends to prove the issue in the case, it is not necessary, in order that such action of the court may be assigned as error in the Appellate Court, that a motion for new trial should have been made.

2. REPLEVIN—*how bond construed.* A replevin bond is to be construed liberally with a view to promote its object under the statute and the intent of the law and of the parties, and to provide for and assist them in obtaining justice.

3. REPLEVIN—*effect of amendment upon bond.* A replevin bond is given in connection with and in contemplation of the statute authorizing amendments and liability upon such bond continues notwithstanding the affidavit in replevin is amended and new parties

added and the security of such bond inures to the benefit of such new party.

Action of debt. Error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed March 3, 1911.

**Statement by the Court.** By this writ of error the judgment of the Circuit Court in an action of debt on a replevin bond is brought before this court for review.

On July 23, 1902, William H. Baldwin and others, trading as Woodward, Baldwin & Company, commenced an action of replevin in the Circuit Court of Cook county, Illinois, against Charles V. Wohlhueter and others, trading as Wohlhueter & Champness. The usual affidavit in replevin was filed and a writ of replevin issued in the usual form for 180,000 yards of brown cotton drill cloth and 218,756 yards of muslin sheeting, which were described in the affidavit and writ. The writ of replevin was placed in the hands of the plaintiff in error, Ernest J. Magerstadt, as Sheriff, for service, to whom was given the replevin bond sued upon in the penal sum of $25,000. Part of the goods were taken from the defendants mentioned in the writ. The defendants in that writ did not have in their possession all of the goods described in the writ. On July 24, 1902, plaintiffs in the replevin suit obtained an order of the court amending the proceedings by making Theodore A. Shaw, T. A. Shaw, Jr., and Frank A. Borwell, trading as T. A. Shaw & Company, additional parties defendant, and at the same time an amended affidavit in replevin was filed describing the same goods, and alleging that Wohlhueter & Champness and T. A. Shaw & Company, giving the individual names, wrongfully detained the goods, and an amended writ of replevin was then issued in the usual form, requiring the sheriff to take from Wohlhueter & Champness and T. A. Shaw & Company the

goods described in the original affidavit and in the bond. Under this amended writ plaintiff in error, Magerstadt, as sheriff, proceeded to take certain of the goods mentioned in the replevin bond and writ, being the same goods mentioned in the original writ of replevin, from T. A. Shaw & Company. The plaintiffs in the replevin action, after the evidence was heard, elected to take a non-suit, and the court ordered the return of the property taken under the original writ to Wohlhueter & Champness and under the amended writ to T. A. Shaw & Company, for whose use the action on the replevin bond was brought.

The declaration filed in the case sets up the above facts, and the affidavits and writs and returns made upon the writs, including the receipt by the plaintiffs, William H. Baldwin and others, and the judgment in the replevin suit for the return of the goods and the issuing of the writ of *retorno habendo* and the failure of the plaintiffs to return the property in accordance therewith, and alleges that the plaintiffs in the replevin suit did not save the sheriff harmless in replevying the goods and property, and avers the value of the goods to be $25,000, and that damages were incurred for attorney's fees of $1500 and costs of suit.

The defendants filed pleas which it is not necessary to describe, as no questions in the trial court arose thereon, or arise here on this writ of error.

The plaintiff, to maintain the action, offered first the original replevin bond filed July 23, 1902; the first or original writ of replevin, which was issued July 23, 1902; the original affidavit for replevin filed July 23, 1902; the second or amended writ of replevin, issued July 24, 1902; the amended, or so-called second affidavit for replevin, filed July 24, 1902; the order entered July 24, 1902, whereby T. A. Shaw & Company were made defendants without prejudice to the prior proceedings; the order entered in the replevin suit on November 16, 1905, to the effect that on motion of the

plaintiffs a non-suit was ordered, and that Wohlhueter & Champness have and recover from the plaintiffs the possession of the property replevied by virtue of the original writ of replevin, together with their costs and charges on that behalf expended, and awarded a writ of *retorno habendo* to Wohlhueter & Champness for the goods replevied; that T. A. Shaw, & Company have and recover from the plaintiff the possession of the property replevied by virtue of the amended writ of replevin, together with their costs and charges in that behalf expended and awarded a writ of *retorno habendo* to T. A. Shaw & Company for the goods taken by the amended writ of replevin; a writ of *retorno habendo* dated November 22nd, for the return to T. A. Shaw & Company of 92,540 yards of brown cotton drill cloth, and 80,966¾ yards of plain unbleached muslin sheeting, which describes the goods taken from T. A. Shaw & Company.

The trial court sustained the objections of the defendants to the evidence offered by the plaintiff and excluded the same from the consideration of the jury.

Thereupon the parties stipulated in effect, for the purposes of the trial, that the goods described in the original affidavit for replevin, and the goods described in the replevin bond offered in evidence, and the goods described in the original writ of replevin, and the goods described in the amended affidavit for replevin and in the amended writ of replevin, are one and the same goods, and that the goods mentioned in the return of the amended writ of replevin were taken from T. A. Shaw & Company by the sheriff under said amended writ and delivered by the sheriff to Wentworth G. Field as agent for Woodward, Baldwin & Company, and that said goods have not been returned to T. A. Shaw & Company or paid for. That the replevin bond described in the plaintiff's declaration was the only replevin bond given in the replevin suit mentioned in the declaration, such bond being the bond

that was offered in evidence in the case. And in like manner and for the same purpose it was admitted that on the trial of the replevin case, the attorneys for T. A. Shaw & Company rendered services of substantial value, which the plaintiff offered to prove, and the defendants objected to such proof on the ground that the same was incompetent, irrelevant and immaterial, and the court sustained the objection and due exception was entered. And thereupon the plaintiff offered to prove by Frank L. Borwell, a witness duly sworn in this cause and produced, that the goods replevied from T. A. Shaw & Company were of the value of $8,200, and that the interest of T. A. Shaw & Company therein amounted to the sum of $4,527.77, with interest from February 28, 1903, at five per cent, to the date of trial, and that said goods were held by T. A. Shaw & Company as pledges for money advanced to Charles V. Wohlhueter and Thomas F. Champness; to which offer of the plaintiff defendants objected on the ground that same was incompetent, irrelevant and immaterial, and the objection was sustained by the court, and due exception to the ruling of the court was taken.

The record shows that the court held that the evidence offered was not competent, because of the court's ruling with regard to the documentary evidence theretofore offered. Thereupon the plaintiff rested his case, and on motion of the defendants the court instructed the jury that the verdict in the case should be for the defendants and a verdict was accordingly rendered in obedience to the instruction of the court, and judgment was entered thereon. This writ of error is prosecuted to reverse such judgment.

LYMAN, LYMAN & O'CONNOR, for plaintiff in error; E. M. ASHCRAFT, of counsel.

NEWMAN, NORTHRUP, LEVINSON & BECKER and CHESTER E. CLEVELAND, for defendants in error.

Mr. Presiding Justice Smith delivered the opinion of the court.

The record presents two controlling questions:

1st. Are the questions arising upon the rulings of the trial court in excluding the evidence offered by the plaintiff open to review, the same not having been specified in plaintiff's motion for a new trial?

2nd. If the rulings excepted to are before the court, then the substantial question is, whether a surety on a replevin bond given to procure the execution of an existing original writ of replevin directed against Wohlhueter & Champness can be held liable for damages resulting from the replevin of the property described in the bond from T. A. Shaw & Company, under and by virtue of an amended writ of replevin issued on the following day in the same cause without the knowledge or consent of the surety, and directed against T. A. Shaw & Company.

In our opinion, the questions arising upon the rulings of the trial court in excluding the documentary evidence and all other evidence offered by the plaintiff in the action, are open to review, in this proceeding, although the plaintiff in the action did not specify such rulings in his written motion for a new trial filed in the action. Where the court improperly excludes from the consideration of a jury evidence which has been admitted, and which tends to prove the issue in the case, it is not necessary, in order that such action of the court may be assigned as error in the Appellate Court, that a motion for new trial should have been made. Smith v. Gillett, 50 Ill. 290; Wiley v. Town of Brimfield, 59 id. 306.

We come now to the main question involved in the case, namely, whether the trial court erred in excluding the evidence offered by the plaintiff, and holding as a matter of law that no recovery could be had under the replevin bond sued upon, on account of the goods taken under the amended writ of replevin from T. A.

Shaw & Company, upon the ground that T. A. Shaw & Company were not parties to the replevin suit at the time the replevin bond was given, and were not protected thereby.

In the solution of this question we must first determine the true interpretation of the contract. The ends of justice are best subserved by the enforcement of contracts according to the plain intent of the parties to them. "The rule of construction of all contracts of voluntary obligation, whether as to sureties or principals, is to apply that meaning and give that interpretation to the words used, in the light of the whole instrument, together with any side light, in case of ambiguity, as will carry out the evident intent and purpose of the parties thereto; when the construction of the contract is thus ascertained and its meaning determined, then the rule of *strictissimi juris* applies as to sureties on such contract, and not till then. Statutory bonds taken by court officers will be liberally construed. Courts will look to the meaning of the parties as collected from the instrument itself. * * * A bond in replevin will be liberally construed for the purpose for which it was given. Cobby on Replevin, Sec. 1282." Hotz v. Bollman Bros. Co., 47 Ill. App. 378; Best Brewing Co. v. Klassen, 85 *id.* 464.

The manifest object of the bond required and prescribed by the Replevin Act (which enters into and forms a part of the bond) is to secure the prosecution of the replevin suit in which it is given "to effect, and without delay, and make return of the property, if return of the property shall be awarded, and save and keep harmless such sheriff * * * in replevying such property, and * * * for the payment of all costs and damages occasioned by the wrongfully suing out of said replevin," as expressed in the language of Section 10 of the Act. In other words, the statute providing for the bond, and under which it was given, contemplates the successful prosecution of the suit without delay, and a return of the property taken under

the replevin writ, if a return shall be adjudged, and indemnity against any injury that may result from the wrongful taking of the property and the delivery of the possession thereof to the plaintiff in the action. The statute also contemplates that the proceedings in which the bond is given may be amended, and that such amendment shall not affect the protection given by the bond except where the legal effect of such amendment is to enlarge the liability thereunder. The statute enters into and forms a part of a replevin bond in legal contemplation, and the parties are conclusively presumed to intend what the statute provides.

Construing the bond declared on liberally, with a view to promote its object under the statute and the intent of the law and of the parties, and to provide for and assist them in obtaining justice (McGlasson v. Bradford, 7 Bush. (Ky.) 250), the indemnity furnished by the bond covered the property described in the affidavits and the bond, and the plaintiff's right and title thereto as against the original defendants, Wohlheuter & Champness, and also as against their privies, who had rights in the property through Wohlhueter & Champness and under their right and title. If the property described in the bond and original writ had been taken by the sheriff under the original writ, and Shaw & Company had then intervened in the replevin suit and asserted their right to the property as pledgees from Wohlhueter & Champness, there can be no reasonable doubt, we think, that the bond in question would have operated to secure their rights in the property. McGlasson v. Bradford, *supra;* Tedrick v. Wells, 59 Ill. App. 657; Katz v. American B. & T. Co., 86 Minn. 168. We are unable to see that the mere fact that the plaintiffs in the replevin suit moved for leave to amend the proceedings by bringing Shaw & Company into the case worked any change in legal effect as to the relative rights of the parties in and to the property described in the replevin papers, including

the bond, from the situation produced by the intervention of Shaw & Company, as above supposed. We therefore hold it was the true intent and meaning of the bond that the indemnity thereby given should extend to and include the property described therein and those in possession of or interested in the property through or under the asserted title and right of Wohlhueter & Champness.

Having thus determined the true construction and legal intent of the parties to the bond, the rule of *strictissimi juris* applies as to the surety on the bond.

Under the proof offered we are of the opinion that the bond sued on covered and protected the property taken under the amended writ of replevin. It was the same property described in the original affidavit and original writ and the bond. Upon the amendment being made, the amended writ became the writ of replevin in the case. The same titles to and rights in the property were involved after the amendment as before. The plaintiffs failed to prosecute their suit to effect and make a return of the property, and save and keep harmless the sheriff, the plaintiff in the action under review, in replevying the property, and thereby a breach of the bond was made. For this breach we think the plaintiff had a good cause of action, for, though not a covenant in express terms to Shaw & Company, it inured to their benefit and operated to secure their rights in the property through the sheriff as might be adjudged to them in the replevin action. McGlasson v. Bradford, *supra;* Katz v. American Bonding & Trust Co., *supra*; Hanna & Finley v. International P. Co., 23 Ohio St. 622.

When the property described in the replevin bond is taken under a writ of replevin and delivered to the plaintiffs, who retain the same, as shown in the record before us, the plaintiffs and their surety are estopped to deny the authority of the sheriff to take the property. Fahnestock v. Gilham, 77 Ill. 637; McFad-

den v. Ross, 108 Ind. 512; Cady v. Eggleston, 11 Mass. 282; Jennison v. Haire, 29 Mich. 206.

In our opinion the trial court erred in sustaining the objections to the evidence and in giving the instruction for the defendant. The judgment is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*