JOHN WARREN, RECEIVER, v. J. FRANK FINN.

Submitted Decemeber 6, 1912—Decided April 10, 1913.

1. Where the testimony shows indisputably that there are no facts in the case upon appeal from the District Court, upon which the judgment of that court can be supported, it will be reversed in this court.

2. Where one entrusted with the care and custody of an automobile, by the owner thereof, in an effort to protect the possession thus acquired against the claims of his own creditors, obtains a loan of money for the use of the owner of the automobile, for the purpose of depositing the same as indemnity with a surety company, in a replevin suit, and for other purposes in that suit in defence of the owner's title, and there was no testimony from which it could be inferred that the deposit thus obtained was for his own benefit—*Held,* that the person thus situated occupied the legal *status* of a bailee to the owner of the machine, and that in the absence of evidence to the contrary, his conduct was consistent with that theory in procuring the loan.

On appeal from Jersey City District Court.

Before Justices TRENCHARD, MINTURN and PARKER.

For the plaintiff, *Fisk & Fisk.*

For the defendant, *Frank W. Hastings, Jr.*

The opinion of the court was delivered by

MINTURN, J.   The facts in this case have been submitted by counsel in an agreed state of the case, and are as follows:

Albert H. Howe had been in possession of an automobile for a year or more prior to November 9th, 1911.  In July, 1911, he conveyed it to one Lindsey E. Woolley by written bill of sale, which provided that Howe might retain the automobile and use it during Woolley's absence from the city, and should deliver it to Woolley free of liens on his return.  Howe kept possession of the automobile and continued to use it, Woolley being away on a trip.

In November, 1911 (Woolley being still away), a judgment was recovered by the Crescent Automobile Company against Howe in the Second District Court of Jersey City; execution was issued thereon, a levy was made upon the automobile as the property of Howe, and it was advertised for sale under the execution.  Howe wrote to Woolley informing him of the levy; consulted J. Frank Finn, an attorney at law; and was advised by him that a replevin suit should be brought in Woolley's name for the recovery of the automobile; that it would be necessary to give a bond, and that $600 would be required for the purpose of indemnifying a surety company to issue the bond, and to cover the costs and expenses of the suit.  Howe, not having the money, went to one H. C. Rowley, explained the circumstances and obtained from him his check for $600, payable to Howe's order, for the purpose of bringing a replevin suit in Woolley's name as aforesaid.  Howe then went to Finn's office and endorsed the check and gave it to him.  The next morning Woolley, having returned to the city, arrived at Finn's office; all that had been done was made known to him, and he approved of what had been done and signed the replevin bond.  The writ of replevin was thereupon issued, possession of the automobile was taken under it, and at the trial judgment was rendered for the plaintiff.  The defendant appealed, and that case is now pending in the Supreme Court.

Finn deposited $300 as indemnity with the surety company, and the remaining $300 was still in his hands at the time of the trial of the present suit in the court below.

On November 29th, 1911, a judgment was recovered against Howe in the Second District Court of Jersey City, by one L. A. Opdyke; execution was issued thereon and returned unsatisfied; and on supplementary proceedings John Warren was appointed receiver of the rights, credits, &c., of Howe. Said Warren, as such receiver, brings this suit to obtain from Finn the $300 in his hands. The court below, sitting without a jury, gave judgment for the plaintiff.

The state of the case shows the facts to be undisputably that the $600 obtained by Howe to serve as a deposit with the surety company, was obtained in Woolley's name, on his account, and for his benefit. Rowley, who advanced the money, so testified, as did Mr. Finn and Mr. Howe, and Woolley corroborated it, and there was no testimony to the contrary. We are not concerned in this controversy with the ownership of the automobile, although the fact was proven that it was Woolley's; and it also appears that the latter supported his ownership by the prosecution of a replevin suit, which has resulted in a judgment in his favor.

The fact must be accepted, therefore, that Woolley was owner of the automobile, and that the money was advanced by Rowley as he says it was, to establish Woolley's ownership of the machine; Howe occupying the position of a bailee or common law depository, charged with the duty to Woolley of taking at least ordinary care of the machine, and securing its safe return to Woolley.

Whatever Howe did, therefore, in protecting the machine, even against his own creditors, he did not as owner of the machine, but under his contract of bailment as a *quasi* trustee.

Blackstone defines a bailment of this character as a delivery of goods in trust, upon a contract, express or implied, that the trust shall be faithfully executed. *2 Bl. Com.* 451. To the same effect are *Jones Bailm.* 125; *2 Kent Com.* 588; *Story Bailm.,* § 2.

Having the possession in trust, Howe could maintain trover against everyone except the bailor, upon the theory that as against everyone but the owner, his possessory interest is equivalent to actual ownership. *Chambers* v. *Hunt,* 3 *Harr.* 343; *Claridge* v. *South Staffordshire Co.* (1892), 1 *Q. B.* 422; *Rooth* v. *Wilson,* 1 *B. & Ald.* 59; *Waterman* v. *Robinson,* 5 *Mass.* 303.

These considerations are important only in this connection, as indicating the *status* which Howe occupied in his effort to protect Woolley's right in the automobile, and to eliminate from Howe's conduct in the case, the conclusion which might be drawn in the absence of testimony to the contrary, that obtaining the check in his own name could be consistent only with a claim of ownership of the machine.

We have referred to the absence of testimony to support the theory that Howe obtained the money, for his own use, or upon his own credit; and the fact that he took the check in his own name is explained by the absence of Woolley, who upon his return confirmed the transaction.

The testimony is entirely to the effect that Howe obtained the check after a statement of the facts to Rowley, and upon the credit of Woolley, and for the purpose of protecting the latter's property from the claim of a stranger.

In the absence of any testimony to support the theory of Howe's ownership of either the machine or the check, the trial court should have given judgment for the defendant, upon the latter's motion; and since no dispute exists regarding the facts, judgment final should be entered in this court for the defendant, with costs. 2 *Comp. Stat., p.* 2016.

Judgment will be entered accordingly.