B. R. KELLY v. KREMER MOTOR COMPANY AND ANOTHER.[1]

May 24, 1929.

No. 27,393.

*A. V. Rieke, Bonita F. Rieke* and *Maurice H. Rieke,* for appellants.

*E. E. Eder,* for respondent.

Holt, J.

Defendants appeal from the order denying them a new trial.

The suit is upon a replevin bond in an action wherein this plaintiff was defendant and the defendant Kremer Motor Company, a cor-

[1]Reported in 225 N. W. 425.

poration, was the plaintiff. The other defendant herein is the replevin bond surety. The property taken by Kremer Motor Company under the writ of replevin was a Dort touring car. That action was tried and the finding made that this plaintiff at the commencement of the action was in possession of the car as agent of the Kelly Automobile Company; that neither at the time of the commencement of the action nor at any subsequent time was the Kremer Motor Company owner or entitled to possession of the car; and judgment was directed that Kremer Motor Company take nothing and that this plaintiff recover costs. Judgment was entered accordingly, and the costs taxed have been paid. The car was never returned. In the present action on the bond a recovery was awarded against both defendants for the value of the car, found to be $635 when taken under the writ.

No finding of fact is challenged. The only question presented is the right of plaintiff to maintain this action for the value of the car, the title of which is alleged in the complaint to be in the Kelly Automobile Company. The question was presented in the trial court by an objection to the introduction of evidence, by motion to strike out the evidence received, by motion for dismissal, and by requested amended findings. Defendants claim that since plaintiff was and is only the agent of the owner of the car he has no right to maintain an action on the bond. The court in the replevin action determined that this plaintiff was in possession of the car as agent of the Kelly Automobile Corporation (Company), and in the present action that he was in possession as agent or bailee.

A bailee may maintain an action on a replevin bond on the theory that he is liable over to the owner. 6 C. J. p. 1167, § 177; Warren v. Finn, 84 N. J. L. 206, 86 A. 530; U. S. v. Atlantic C. L. R. Co. (D. C.) 206 F. 190. Parks v. Fogleman, 97 Minn. 157, 105 N. W. 560, 4 L.R.A. (N.S.) 363, 114 A. S. R. 703, holds that an agent may in his own name maintain an action to recover his principal's money paid to another by mistake. But without regard to the fact that plaintiff was agent or bailee and not owner, we think defendants are not in position to question his right to sue for breach of a bond wherein

he is the sole obligee and defendants the obligors, and by virtue of which bond they took from him a car without having title or right of possession. The replevin action is res adjudicata that the Kremer Motor Company, the principal in the bond, has no title to the car. Cohen and Hammond, Inc. v. Arnold, 250 Mass. 255, 145 N. E. 463. It is quite apparent from the complaint in this case that the action is for the benefit of the corporation for which plaintiff was agent in the custody of the car when defendants obtained it, so that a recovery herein would bar further claims by the Kelly Automobile Company against the Kremer Motor Company on account of the car. Moreover, when in the replevin action the Kelly Automobile Company applied to the court for leave to file its complaint in intervention, wherein it alleged its ownership and the right in this plaintiff, its agent and president, to the possession of the car, the Kremer Motor Company strenuously opposed it, and for some unaccountable reason it prevailed on the court to deny the application. It ought not again have the privilege of questioning the title of the owner for whom plaintiff acted in the replevin action, it having been settled that the Kremer Motor Company has no title. The judgment though not in correct form has so determined. Boom v. St. Paul F. & M. Co. 33 Minn. 253, 22 N. W. 538; Katz v. American B. & T. Co. 86 Minn. 168, 90 N. W. 376. That the judgment in the replevin action was not one which the statute requires appears not fatal to the maintenance of this action under the Boom case, 33 Minn. 253, 22 N. W. 538. At any rate, that judgment while an adjudication against Kremer Motor Company is not against this plaintiff as to a return of the car. There is no real merit in the defense, and we are not keen in looking for defects or errors in the record which were neither presented in the court below nor in this court. There is no assignment of error attacking the finding of damages.

The order is affirmed.