MARTIN RYAN, Collector of Taxes for Township 2 N., 1 W., Schuyler County, State of Illinois, PETER L. CAMPBELL, Treasurer of said County, and SAMUEL HINDMAN, JOHN P. RICHMOND and JOHN C. JAMES, Trustees of Schools of Township 2 N., 1 W., of said County, who sue for the use of "School Directors of District No. 8, Township 2 N., 1 W., Schuyler County, State of Illinois," and for the use of the inhabitants of said School District, Plaintiffs in Error, *v.* JAMES L. ANDERSON, JAMES G. McCREERY, JOHN BEATTY, GEORGE LITTLE, and WHEELER W. WELLS, Defendants in Error.

#### ERROR TO SCHUYLER.

Upon an injunction issued to restrain the collection of a school tax, the bond was given for the use of the inhabitants of the school district, for "*all moneys and costs, due or to become due,* and such damages as might be awarded," etc. In an action brought on this bond by the collector of taxes, the county treasurer and the school trustees for the township, for the use of the school district, etc., held, that the obligors were liable in assessing damages to pay costs, counsel fees, etc. That the taxes were collectable, after the dissolution, of the inhabitants of the district. Further liability questioned.

Such an injunction improvidently granted.

THE declaration in this case is in debt for eight thousand dollars, on a penal bond of two thousand dollars. First count as inducement alleges, that said school directors, then being, by an act of the legislature of Illinois, constituted a body corporate and politic, organized, and being and acting as such, on the 3rd day of July, 1858, determined by estimate the amount necessary to be expended in said school district, to keep in operation a sufficient number of free schools the ensuing year, and the amount necessary for supplying any deficiency in the fund for the payment of teachers, and for the purpose of extending the terms of schools, and did determine what rate per cent. on the one hundred dollars valuation of all the taxable property in said district, and each of the amounts required to be levied; and did then and there make the same known to the county clerk of said county, by their certificate in writing, signed by the said school directors, by filing the same with the county clerk, together with a list of all the resident tax payers of said district, on or before the first day of July then next. That said certificate was of the purport following:

" We, the undersigned, directors of school district No. eight, town two north, one west, in Schuyler county, Illinois, do hereby certify that said board have estimated and required to be levied, for the year 1858, the rate of forty cents for general school purposes, and the rate of thirty cents for paying teachers and extending terms of schools, on each one hundred dollars valuation of taxable property in said district. Given," etc.

Then alleges, that Neill, then and there said county clerk, when making out the tax books for the collector of taxes of said year, according to the rates so certified, did compute each taxable person's tax in said district, taking as a basis the total amount of the taxable property returned by the assessor for said year, lying in said district, and also on each and every tract of land so assessed lying in said district. And did cause said taxes so computed to be set upon the tax books for that year, as required by law. And did then and there deliver the same to said Ryan, then and there the collector of said township, in which township said district eight was and is situated, to be by said collector collected in the same manner and at the same time as other taxes were to be.

The count further alleges, that after said tax books were so delivered, to wit, on 29th January, 1859, and of the term of May, 1859, at said Circuit Court, the defendants, Anderson, McCreery and Beatty, presented and filed their bill of complaint in chancery, in said Schuyler Circuit Court, against said plaintiffs, and the school directors of said district, praying for an in-

junction restraining the collection of said district school taxes, upon that part of said school district described in count.

The count further alleges, that summons issued on said bill and served; that pursuant to the summons, the said directors in said school district eight, appeared in said suit and filed their answer to said bill.

That such proceedings were had in said cause, that on the 10th of May, 1859, of said May term of said court, an order was entered in said cause in said court, of the purport and effect following:

"This cause again coming on to be heard, and the court advised, it is ordered by the court that an injunction issue in said cause according to the prayer of said bill; and that the clerk issue a writ of injunction under the seal of the court, upon complainants filing a bond in the sum of two thousand dollars conditional according to law, with George Little and Wheeler W. Wells as securities."

The count further alleges, that defendants then and there, at and in, etc., and under and in pursuance of said order in said cause, and for the purpose of obtaining an injunction in said cause, restraining the collection of said school taxes, and for no other purpose, executed the bond sued on and set out in effect in first count, penalty two thousand dollars, and filed the same in said cause, the condition of which is in effect as follows:

"Whereas, the said Anderson, McCreery and Beatty, of said township, have prayed for and obtained a writ of injunction from the Circuit Court of Schuyler county, in the State of Illinois aforesaid, restraining and enjoining the said Ryan and Campbell from collecting a district school tax, assessed and levied by the school directors of district number eight, township two north, one west, county of Schuyler and State of Illinois, upon property situated, etc., and in said bill named, and for paying over any, etc., until, etc. Now if the said Anderson, McCreery and Beatty shall pay, or cause to be paid, to the said Martin Ryan, Peter L. Campbell, Samuel Hindman and John P. Richmond, for the use of the inhabitants of school district number eight, aforesaid, all moneys and costs, due or to become due, and such damages as shall be awarded against them, in case said injunction herein granted shall be dissolved, then this obligation to be void."

The count avers, that by said bond defendants intended to restrain and enjoin, and thereby did restrain and enjoin, the said district school taxes, so as aforesaid levied in said school district, and none other or different; that on filing said bond, and in pursuance thereof, an injunction issued in said cause, un-

der the seal of said court, directed to said plaintiffs, reciting the exhibiting of said bill, and that they were unjustly collecting said taxes, and thereby strictly enforcing and commanding them and all persons in bill named, absolutely to desist from collecting said school taxes until the order of the said court to the contrary.

The count avers, that said injunction was directed to the sheriff of Schuyler to execute, which was by him executed.

The count avers, that the amount of school taxes belonging to said school district eight, restrained and enjoined by said injunction, amounted to a large sum of money, to wit, two thousand dollars; and that by means of the issuing of said injunction in said suit, said school tax, viz., two thousand dollars, remained wholly uncollected and unpaid, and was thereby wholly lost to the said school directors and to the inhabitants of said district.

The count avers, that at the October term, 1859, of the said Schuyler Circuit Court, it was agreed between the parties in said chancery suit, and an order of the said court made thereon to the effect following:

" By consent of parties the cause is submitted to the court on, etc., that the said court may decide the same in vacation, and the decree entered as of present term; and that either party may take the cause to the Supreme Court, by filing copy of record, etc., and assign errors, etc., set the cause down for a hearing, etc."

The count avers, that under said order said cause was submitted; that said court made a decision thereon, as follows: " It is adjudged, ordered and decreed, that the said defendants, and each of them, be perpetually enjoined and restrained from collecting any and all school tax, levied and assessed against the property included in the boundaries mentioned in the temporary injunction heretofore issued herein, for the year 1858, and that the said temporary injunction is hereby made perpetual, and that the defendants pay the costs of this proceeding to be taxed."

The count avers, that the before recited order for injunction, the said bond of said defendants sued on, and the before recited injunction thereon, and the before recited order submitting said cause, and the said decree of the said Circuit Court thereon, were all made in said chancery case, in said Circuit Court, and not otherwise or different.

That under said order of said Circuit Court submitting said cause, and in pursuance of the practice of the courts, the directors of said district eight, at the January term, 1860, of the Supreme Court of the State of Illinois, filed a copy of the record of said cause in said Supreme Court, assigned errors thereon,

and that thereon complainants entered their appearance and joined in error, and thereupon the parties, by their counsel, put said cause upon said Supreme Court docket; and wherein said Supreme Court, on considering the premises, to wit, on 1st February, 1860, were of opinion that in the rendition of said decree, in said Circuit Court, there was manifest error; and thereon the said Supreme Court did then and there " decree in said cause, that for the error therein the said decree of said Circuit Court rendered be reversed, annulled and set aside, and for wholly nothing entertained, and that said complainants' bill be dismissed, and that said plaintiffs in error recover of and from said defendants in error their costs by them in that behalf expended."

The count avers, that by means of the premises and the injunction aforesaid, the plaintiffs, at, etc., were restrained and enjoined from the collecting of said district school taxes, so due for the year 1858; that the same amounted to two thousand dollars, and remained wholly uncollected; and that by means of the premises the same became wholly lost to the said plaintiffs, for the use, etc.; and that the said plaintiffs also lost the interest upon the said sum from 1st of April, 1859.

And also, by means thereof, said school directors were put to great expense and paid large sums of money, to wit, five hundred dollars in defending said chancery suit in the Circuit Court, and in prosecuting said suit in the Supreme Court, as costs in that behalf expended.

The count avers, that the said complainants could have no relief in equity that the said court could have power to grant in and by the bill, except said injunction; and that said injunction was dissolved by the reversal of said decree, in and by the said decree of said Supreme Court, in the dismissal of said complainants' bill.

Plaintiffs assign breaches:

1. Defendants Anderson, McCreery and Beatty, have not paid, or caused to be paid, said plaintiffs for the use, etc., all or any part of said sum of two thousand dollars, so as aforesaid restrained and enjoined, due, and that became due to said plaintiffs, for the use aforesaid, on the dissolution of said injunction, of which defendants had notice.

2. Defendants aforesaid have not paid to plaintiffs for the use aforesaid, the interest on said sum so restrained and enjoined, moneys due plaintiffs for the use aforesaid, on the dissolution of said injunction, to wit, five hundred dollars, although often requested.

3. That defendants aforesaid have not paid to plaintiffs, for the use aforesaid, said sum of five hundred dollars, moneys and

costs due and awarded against the said Anderson, Beatty and McCreery, by the said Supreme Court, on the dissolution of said injunction.

By means whereof, etc., an action hath accrued, etc., to demand, etc., two thousand dollars on the writing obligatory in this count mentioned, part and parcel, etc.

And for their costs and damages due to and sustained by plaintiffs, and so due and owing them, for the use aforesaid, amount to a large sum, to wit, two thousand dollars, as they say.

Second count sets out same inducement, and is a count upon the same bond in *hæc verba.* Avers that the same was executed by defendants to said plaintiffs, for the use aforesaid, to and for the purpose of enjoining said district school taxes due and to become due as aforesaid, and not otherwise or different.

That upon said written obligation an injunction was issued, restraining and enjoining said district school taxes, and injunction served. Also avers, that by means of said injunction the said district school taxes, amounting to $1,336.85, were restrained, remained wholly uncollected, and remained lost to the plaintiffs for the use aforesaid; and that said plaintiffs, for the use aforesaid, have lost the interest thereon, viz., five hundred dollars. And that by means of premises, said school directors and said plaintiffs were put to large expense, and paid out and expended large sums of money, to wit, five hundred dollars, in the defense of said suit, and in the prosecution of suit suit in error, for costs.

Also avers the dismissal of complainants' bill in the Supreme Court, and recovery of costs therein by plaintiffs in error. That the costs expended by plaintiffs amount to five hundred dollars.

Also alleges that complainants in said chancery suit could have no relief in equity, except the granting of said injunction, and that said injunction was dissolved by dismissal of bill.

Breaches assigned: 1. Complainants have not paid the $1,336.85, due plaintiffs for use aforesaid, on dissolution of said injunction.

2. Have not paid the interest on the said money restrained, to wit, five hundred dollars.

3. Complainants have not paid the five hundred dollars expended by plaintiffs in the defense of said chancery suit, and the prosecution thereof in error.

That complainants have not paid plaintiffs, for the use aforesaid, the costs so as aforesaid awarded by the Supreme Court, against said complainants, on the dissolution of said injunction.

Third count.    Same inducements.

Counts on same bond, *hæc verba.*

Avers that said writing obligatory was executed by defendants to said plaintiffs, to and for the use of said school directors of district eight, and for the use of the inhabitants of said district, and executed in said chancery suit, to and for the purpose of enjoining the said district school taxes, and not for any other or different purpose.    That thereon a writ of injunction was issued in said cause, from said Schuyler Circuit Court, restraining and enjoining the collection of said district school taxes so levied, and injunction served on plaintiffs.

Also avers, that said district school taxes so restrained and enjoined thereby, amounted to $1,336.85; that the same remained wholly uncollected and became wholly lost to plaintiffs for the use aforesaid.

Also avers that such proceedings were had in said chancery cause, in the Schuyler Circuit Court and in the Supreme Court of the State of Illinois, to wit, of January term, 1860, of the said Supreme Court, it was adjudged and decreed in said suit, that said complainants' bill of complaint be dismissed.    And avers that said complainants' bill was then and there dismissed on its merits, and decreed that the plaintiffs in this suit recover of the said complainants their costs in that behalf expended.

Avers that said costs were five hundred dollars.

And avers, that said injunction was dissolved by the dismissal of said complainants' bill in said Supreme Court, and that complainants could have no relief by their said bill, except the granting of the said injunction.

Breaches assigned : 1.    Complainants have not paid to, etc., said sum of $1,336.85, moneys due them as aforesaid, on the dissolution of said injunction.

2.    Defendants have not paid to, etc., said moneys and costs, due as aforesaid on the dissolution of said injunction.    Which said moneys amount to a large sum, to wit, two thousand dollars.

By means whereof, etc.

The fourth count sets forth the same inducement as in first count, and on a bond of the same purport and effect, penalty two thousand dollars, set out in *hæc verba*, bearing date 29th of January, 1859 ; executed and filed in said Circuit Court in said cause, reciting same facts and has the same condition.    This count contains the same averments as first count, alleging the amount restrained, uncollected and lost by injunction to be $1,336.85.

That injunction was dissolved in Supreme Court; that on the dissolution of injunction the said court decreed costs to the said

defendants in said chancery suit, and that said costs amounted
to a large sum, to wit, five hundred dollars.

Breaches: 1. Non-payment of the money restrained and
lost by injunction, and that it became due on the dissolution of
said injunction. 2. Non-payment of the said costs awarded by
the said court.

By means whereof an action hath accrued, etc., to have and
demand the said sum of two thousand dollars, part and parcel
and residue of the sum above demanded — to plaintiffs' damage,
eight thousand dollars, as they say.

Oyer of bond, sued on. Set out in first, second and third
counts.

Oyer of bond. Set out in fourth count.

Account of damages claimed on the bonds sued on, viz.:

| | |
|---|---|
| 1859: April 1.—Amount district school taxes restrained, due plaintiffs, | $1,336.85 |
| Interest on same from same date to trial, | 450.00 |
| Circuit Court costs in defense of suit, | 250.00 |
| Paid attorneys in the defense of said suit, | 250.00 |
| Costs in the Supreme Court adjudged to plaintiffs, | 250.00 |
| Paid attorneys and counsel preparing cause for argument, | 250.00 |
| Costs recovered by decree of Supreme Court, | 500.00 |

Parties, by agreement, waived a jury, and for trial of the
issues, put themselves upon the court, BAILEY, Judge, presiding.
The court, on motion of defendants' counsel, excluded all the
evidence offered by plaintiffs, except the bonds, and rendered
judgment for plaintiffs for costs.

Plaintiffs abided by their demurrer to defendants' second
plea, and on the trial read in evidence, without objection, the
two several bonds sued on.

Plaintiffs on said trial offered evidence to prove that the
directors of said school district levied the school taxes in said
district eight, on 3rd July, 1858; made the same known by
their certificate in writing to the county clerk, as in declaration
alleged. To which the defendants objected, and the court sus-
tained the objection, and excluded said evidence on said trial.

The plaintiffs then offered evidence to prove that said county
clerk computed said school taxes, and caused the same to be
extended on the tax books for that year, and did deliver said
tax books, with said school taxes thereon extended, to Ryan,
the collector of said township, to be collected as other taxes
are collected, as required by law, amounting to $1,336.85.
And that said school district is in said township 2 N., 1 W.,
alleged in plaintiffs' declaration. The court excluded this
evidence.

Plaintiffs offered evidence to prove that after said tax books
were delivered to said collector, to wit, on the 29th January,
1859, and in the term of May, 1859, of the said Schuyler Cir-

cuit Court, the defendants, Anderson, McCreery and Beatty, filed their bill on the chancery side of said Circuit Court, as in declaration alleged, praying for an injunction restraining the collection of said district school taxes. And also to prove that in said chancery suit, and indorsed upon said complainants bill, an order was made by the circuit judge of said Circuit Court, to the effect following, viz.:

"The clerk of the Schuyler county Circuit Court, will issue a writ of injunction as prayed for, upon complainants entering into bond according to law, in the sum of two thousand dollars, with George Little and Wheeler W. Wells as sureties."

And that said defendants, on filing said bill and under said order, executed the bond set out in fourth count; that said bond was executed for the purpose of restraining the collection of said taxes, and for no other purpose; and that the injunction was issued thereon enjoining said taxes. Injunction served, and the tax restrained thereby and lost, amounting to one thousand three hundred and thirty-six dollars and eighty-five cents.

Plaintiffs also offered evidence to prove that in said suit and at the May term, 1859, of said court, said injunction was dissolved by order of court.

Plaintiffs also offered evidence to show that plaintiffs paid out and expended three hundred dollars in defense of said suit.

The court excluded said evidence so offered by plaintiffs, except the bonds.

Plaintiffs offered in evidence an order of the said Circuit Court in said chancery suit, made at the May term, 1859, "Ordering an injunction to be issued in said cause according to the prayer, on filing bond in sum of two thousand dollars, with George Little and Wheeler W. Wells as sureties."

And offered to show that the defendants, in pursuance of said order, and for the purpose of obtaining an injunction restraining the collection of said school taxes, made and executed the bond sued on, set out in first count.

And that on filing said bond, a writ of injunction was issued restraining the collection of said taxes. That defendants caused said injunction to be served, and that said district school taxes were enjoined and restrained thereby, amounting to one thousand three hundred and thirty-six dollars and eighty-five cents, and remained wholly uncollected and lost to plaintiffs.

Plaintiffs also offered evidence to show that said chancery suit was determined in said Circuit Court, at the October term, 1859; carried up by appeal to the Supreme Court; was determined in said Supreme Court, at the July term, 1860, and the said bill dismissed, and that the defendants therein recover from said complainants their costs therein expended.

Plaintiffs also offered evidence to show that the amount of moneys restrained, uncollected and lost to plaintiffs was one thousand three hundred and thirty-six dollars and eighty-five cents, and that plaintiffs also lost one hundred dollars interest thereon.

Plaintiffs also offered evidence to show that plaintiffs paid, laid out and expended, as costs in said chancery suit, two hundred and fifty dollars, and that the same remains wholly unpaid; and that the costs recovered by plaintiffs on the final determination of said suit in the Supreme Court, and remaining wholly unpaid at the time of the commencement of the suit, were one hundred and eighty-seven dollars and thirty-three cents.

The court excluded said evidence offered by plaintiffs, except said bonds.

The plaintiffs then again offered all and every part of said evidence, as aforesaid, ruled out and excluded by the court, separately and jointly, to which defendants objected. The court sustained defendants' objection, and excluded said evidence.

The court thereon found and ruled the issues for plaintiffs, and in its decision and ruling entered judgment for plaintiffs for costs.

The plaintiffs then moved the court to set aside the said finding by the court in said case.

The court overruled plaintiffs' said motion. The court thereon entered final judgment in the cause for plaintiffs for costs ; the plaintiffs thereon moved the court to set aside said judgment and to grant a new trial, to which defendants objected.

The parties agreed that this cause be carried to the Supreme Court by appeal, on the bond of McMurphey and others.

The following errors were assigned :

The court erred in excluding the evidence offered by plaintiffs on the trial.

The court erred in not assessing to plaintiffs, as damages, the amount of money restrained and lost, by means of the issuing of the injunction, which became due and payable to plaintiffs, for the use of said school, on the dissolution of the injunction ; and in not assessing as damages the interest thereon.

The court erred in not assessing to plaintiffs, as damages, the moneys paid out and expended in the defense of said chancery suit in the Circuit Court and in the Supreme Court.

The plaintiffs were entitled under the issue and evidence to a judgment for damages as well as for costs, and the court erred in not so entering the same.

The court erred in not setting aside the assessment made, and

in not making a new assignment of damages in the case; and in not assessing damages against the said defendants, in money, and in sufficient amount.

The court erred in not setting aside the judgment, and in not granting a new trial or assessment in the case.

C. L. HIGBEE, for Appellants.

M. HAY, for Appellees.

BREESE, J. It is admitted on both sides, that the bond in suit is not a statutory bond, nor given in such a case as is specified in the statute. (Scates' Comp. 147.) The injunction, in the first instance, was improvidently granted, and in a case not cognizable in a court of chancery, upon the condition that a bond "conditioned according to law," should be executed by the complainants. In the performance of this condition, this bond was executed, conditioned to pay to the appellants, for the use of the inhabitants of school district No. eight, "all moneys and costs due or to become due, and such damages as shall be awarded against them, in case said injunction herein granted shall be dissolved," etc.

A bond conditioned according to the law of such a case as that in which the injunction was awarded, should have provided only for the payment of such damages and costs as might be awarded on a dissolution of the injunction. But the obligors undertook further — they undertook to pay the obligees for the use of the inhabitants of school district No. eight, "all moneys and costs due or to become due." The question arises, due or to become due to whom? Not to the obligees, for that is not the language of the bond, nor to the inhabitants of the school district, nor, in fact, to any one. The person or party to whom moneys and costs might be due is not stated, neither directly nor inferentially. And what moneys could become due to the obligees? Certainly not the taxes assessed against the inhabitants of the school district. The principal obligee in the bond, Ryan, had no claim whatever to those taxes; he was the mere instrument by which they should be collected and paid into the township treasury. They were not moneys due or to become due to him, in any possible event, nor to any of his co-obligees, the appellants here. No proof was offered on the trial what moneys were due or became due to the obligees. The legal effect of the bond is not that the obligors will pay the taxes, if the injunction should be dissolved. There is no undertaking of that kind, nor does it follow by any means, because the collec-

tion of the taxes assessed was delayed, that they were not or could not be collected after the injunction was dissolved. What is to prevent their collection ?

Then, if collected of the tax payers, as they may be, by what rule of justice should the obligors in this bond be required to pay them out of their own pockets to the obligees in this bond, to whom they did not belong, and who had no claim to them in law or equity ? We think the court decided correctly, in not going to the extent claimed by the plaintiffs in the assessment of the damages on the trial, but at the same time we are of opinion that the court did not go quite far enough in other respects, in awarding damages. We think the costs in litigating the injunction case, including counsel fees, presented a fair and just claim, and should have been allowed to the extent which might be proved as damages.

Those expenses were a damage to the collector, who had to defray them in the first instance, and to the inhabitants of the school district ultimately, as they would be bound to reimburse the collector. On this ground the judgment is reversed, with directions to hear evidence as to the extent of the damages really sustained, by necessary expenditures, or by liabilities incurred in litigating the injunction case, both in the Circuit and Supreme Courts.                *Judgment reversed.*

The Chief Justice concurs in the reversal of this judgment, and in the allowance of costs and counsel fees as damages, but is not prepared to express a definite opinion as to the liability for the amount of taxes.

WALKER, J., did not participate in the decision of this case.