FREDERICK G. PETRIE, late Sheriff of Ogle County, who sues for the use of JOHN REED,

*v.*

JOHN FISHER *et al.*

1. REPLEVIN — *bond in.* A sheriff took a replevin bond, and, his term of office expiring, the writ was returned without being executed. An *alias* writ being issued, was executed by his successor, without taking a new bond: *Held* that an action could be maintained on the bond taken by the first sheriff.

2. The object of a replevin bond under our statute is not merely to indemnify the sheriff, but also to furnish an additional remedy to the defendant in case the plaintiff fails to prosecute his suit with effect.

APPEAL from the Circuit Court of Ogle county; the Hon. W. W. HEATON, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Messrs. MIX & JACOBS and LELAND & BLANCHARD, for the appellant.

Messrs. LATHROP & BAILEY, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought upon a replevin bond, by Petrie for the use of Reed, against Fisher and others, the makers of the bond. A general demurrer was sustained to the declaration, and final judgment rendered, whereupon the plaintiff appealed.

It appears by the declaration, that the suit in replevin was commenced and the writ sued out on the 30th day of October, 1860, and on the same day the bond on which this action is brought was executed to Petrie, the then sheriff. Petrie, however, went out of office without executing the writ, and on the 13th of December, 1860, an *alias* writ was sued out and executed by his official successor. On the 23d day of June, 1862, the action of replevin was tried and judgment rendered for the defendant, with an award of *retorno habendo*. The goods were not returned, and, this suit having been brought upon the replevin bond, the only question presented is, whether it will lie upon a bond not given to the sheriff who actually executed the writ.

The object of a replevin bond under our statute is not merely to indemnify the sheriff, but also to furnish an additional remedy to the defendant in case the plaintiff fails to maintain his suit. The replevin act requires the sheriff to take this bond before executing the writ, and to return it with the writ to the clerk, and makes him liable in damages in case he fails to do so. These provisions are for the benefit of the defendant. The act further expressly provides, that the defendant may maintain an action for his own use, in the name of the sheriff, for any breach of the condition of the bond, and recover such damages as he has sustained. This he can do without first proceeding against the sheriff.

When, then, the appellees executed this bond, the chief object of the contract was to protect the defendant in the

replevin from injury through an unlawful taking of his property. To what particular officer the bond ran, as nominal payee, must have been wholly immaterial to the obligors. The bond was executed to Petrie, simply because he was the then sheriff, and as a means of taking from the defendant in the writ the immediate possession of certain property. This purpose was accomplished, and if we were now to allow the obligors to escape all responsibility merely because it was accomplished by the successor of the sheriff to whom the bond was nominally payable, we should disregard the object of the statute and pervert the spirit of the contract.

But, even if we construe this bond by its strict letter, in view of the fact that part of the appellees are sureties, we shall find, that there has been a breach of its conditions, which will render the obligors liable. The bond, after acknowledging an indebtedness in the penal sum of $1,800, is conditioned, that it shall be void in case Roop, one of the obligors, shall prosecute to effect a certain suit, which he has commenced against John Reed, for unlawfully taking away certain property, and shall make return thereof in case a return shall be awarded; otherwise to remain in full force and effect. The bond does not specify who is to execute the writ. It describes a certain suit as already commenced in the Ogle Circuit Court, and the obligors agree, that this suit shall be prosecuted with effect, and that the property to be replevied shall be returned, if ordered by the court, and these obligations are assumed without reference to the officer by whom the writ is to be executed, which can be in no wise material. The declaration sets forth, that the suit was not prosecuted with effect, and that the property was not returned, as ordered by the court. Here, then, was a breach of the letter and spirit of the bond, and we can perceive no reason why the defendant in the replevin should not be permitted to maintain a suit upon the bond, in the name of the obligee, and assign these breaches. The demurrer to the declaration should have been overruled.

*Judgment reversed.*