## THOMAS E. RICHARDS ET AL.

### v.

## THOMAS J. RAPE, use, etc.

1. REPLEVIN—REMEDY ON BOND—RETURN OF PROPERTY.—Where a replevin bond was executed to a constable holding the property by virtue of a writ of attachment, and upon the failure of the plaintiff in replevin to prove his right to the property, it was returned to another constable holding an execution against the property issued under the attachment suit, which had in the meantime ripened into a judgment; *held* that the property was properly

Richards et al. v. Rape.

returned, and there was no breach of the bond. The bond was for the benefit of the plaintiff in attachment, and the property was returned to the only party authorized at the time to take it and apply it to the payment of the judgment.

2. SUBSEQUENT SURRENDER BY THE CONSTABLE.—A subsequent surrender of the property by the constable under a claim of exemption does not affect the rights of the surety on the replevin bond. His obligation was satisfied when the property was returned, and he cannot be held responsible for the use made of it after its return.

APPEAL from the County Court of Sangamon county; the Hon. J. H. MATHENY, Judge, presiding.

Mr. ROBERT L. McGUIRE, for appellants; that the property was exempt, cited Laws of 1877, 102.

Messrs. HAMILTON & ROSETTE for appellees.

HIGBEE, P. J. This suit was commenced by appellees against appellants, to recover on a replevin bond, and resulted in a judgment in favor of the plaintiffs below, from which appellants appeal to this court.

On the 5th day of December, 1877, Rebecca Payne, as executrix, commenced a suit by attachment against Richards before a justice of the peace. The writ was delivered to Caleb Mower, a constable, who levied upon a horse as the property of Richards, and also served said writ by reading to him. Judgment was rendered against Richards, and an execution issued by the justice and placed in the hands of J. J. Warren, a constable of said county, for collection.

While the horse was in the possession of Mower, and before the judgment was rendered, Richards, claiming that the horse was exempt from execution, procured a writ of replevin for the horse, to be issued by another justice, and placed it in the hands of appellee, Rape, to be executed. Thereupon Richards, as principal, and White as his security, executed the replevin bond sued on in this case. The bond is to Thomas J. Rape, constable in the county of Sangamon and State of Illinois, and to his successors in office, conditioned as follows:

" The condition of this obligation is such that, whereas, on

the 8th day of December, 1877, the said T. E. Richards sued out a writ of replevin before John D. Keedy, Esq., a justice of the peace in and for said county of Sangamon, against Caleb Mower, defendant, for the recovery of the following described goods and chattels, to wit: one bay stallion about nine years old, named Morgan. Now if the said T. E. Richards, plaintiff, shall prosecute his suit to effect and without delay, and make return of the said property, if the return thereof shall be awarded, and save and keep harmless the said constable in replevying the said property, then this obligation to be void," etc.

Upon receiving the bond, Rape executed the writ and delivered the horse to Richards, who subsequently delivered him to White, his security.

The replevin suit was decided against Richards, and a return of the horse awarded on the 19th day of December, 1877. Warner then having the execution in his hands, called on White, who delivered the horse to him, and he was levied upon and taken into possession by Warner.

The only question presented by the record for our decision is, was this a sufficient return of the property to discharge the obligation of the bond? Appellants insist that the return could only be made to Mower.

The object of a replevin bond under our statute is not merely to indemnify the constable, but also to furnish an additional remedy to the defendant in case the plaintiff fails to maintain his suit. The replevin act requires the constable to take this bond before executing the writ, and to return it with the writ to the justice, and makes him liable to the defendant in damages in case he fails to do so. These provisions are for the benefit of the defendant, and the act further expressly provides that the defendant may maintain an action for his own use, in the name of the constable, for any breach of the condition of the bond, and recover such damages as he has sustained. This he can do without first proceeding against the constable. Petrie, use, etc. v. Fisher, 43 Ill. 442. The real defendant in interest in the replevin suit was Mrs. Payne, and not the constable who levied the attachment. It was her rights intended to be secured by the bond. Mower, the constable who levied the attachment,

neither had or claimed to have any personal right in the horse. He simply held him for Mrs. Payne, the plaintiff, by virtue of the writ of attachment. When that proceeding ripened into a judgment, an execution was issued and placed in the hands of constable Warren for collection, and the horse delivered to and levied upon by him to satisfy the same.

This suit is brought for the use of Mrs. Payne, the real party in interest, to recover for the alleged failure to return the property, when in fact it was returned to satisfy the very same debt for which she originally caused it to be taken. Mower had returned his attachment, and no longer had any right to the possession of the property. The bond was made for the benefit of Mrs. Payne, and the property was returned to the only party authorized at the time to take it, and apply it to the payment of her judgment, and this fully satisfies the requirement of the bond. But it is said that after the horse was surrendered up to Warren, Richards again claimed it as exempt from execution, and that the constable, after causing it to be appraised by three disinterested persons, gave it up to him. This certainly cannot affect the rights of White, the security on the bond. His obligation was satisfied when the property was returned, and he cannot be held responsible for the use made of it after its return.

For these reasons the judgment of the court below is reversed.

Reversed.