## C. H. Myers et al. v. R. J. Dixon, for use of, etc.

1. REPLEVIN—*Where No Writ of Retorno is Necessary.*—Where a suit is brought to recover costs for a breach of that part of a replevin bond which provides that the plaintiff shall prosecute his suit to effect, a recovery may be had although no writ of *retorno* was awarded.

2. JUDGMENTS—*Not Reversible for a Technical Informality Not Affecting the Merits of the Case.*—A judgment will not be reversed for a technical informality not affecting the merits of the case.

**Debt on a Replevin Bond.**—Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

Z. F. YOST, attorney for appellants.

C. C. & L. F. STRAWN, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant C. H. Myers, on June 4, 1901, sued out a writ of replevin against Samuel C. Barber, to recover possession of a calf valued at $15. On the following day he and the other appellants herein executed a replevin bond to R. J. Dixon, a constable, for twice the value of the property, conditioned according to law. Upon the trial before the justice of the peace, the jury found "no cause of action" and the justice gave a judgment against Myers for the costs. He appealed to the Circuit Court, but afterward dismissed his appeal, and judgment was there entered in favor of Barber and against Myers for the costs of suit. Soon afterward the present suit was brought before a justice of the peace on the replevin bond by the constable, Dixon, for the use of Barber, to recover the costs and charges expended by Barber in the replevin suit. In the Circuit Court, to which the case was taken by appeal, an instruction was given directing the jury to find a verdict for the plaintiff, and the jury thereupon found the issues for the plaintiff and assessed his damages at $18. Judgment was entered in accordance with the verdict and the defendant appealed to this court.

Appellants contend (1) that the merits of the case were not determined in the original action, in which the bond was given, and that they therefore had a right to go into the entire controversy involved in that suit, as a defense to the suit on the bond; (2) that there was a valid existing agreement between the parties waiving all right of action on the bond; (3) that there could be no breach of the conditions of the replevin bond, as no judgment of *retorno habendo* had been awarded; and (4) that the verdict in this case was informal and could not sustain a judgment.   The judgment in the replevin suit before the justice of the peace was against appellant Myers and he appealed.   If he had dismissed his suit in the Circuit Court, .the merits of the case would not have been determined and they could have been tried in the suit on the replevin bond; but having dismissed his appeal, the judgment before the justice stands as a final settlement of the merits and the court correctly refused to permit the merits to be litigated in this suit on the bond.

An attempt was made to show a settlement of the replevin suit and another suit between the parties by the terms of which there was to be no action brought upon the replevin bond.   There were some negotiations to the effect named and a written stipulation upon the subject was prepared by the attorney for Myers; when, however, it was presented to Barber, he refused to agree to the arrangement and sign the stipulation.   Appellant Myers afterward dismissed his appeal with full knowledge of this refusal on the part of Barber.   There were therefore no conditions connected with the dismissal of the replevin suit which could affect the right of appellee to maintain this suit on the bond.

The fact that a writ of *retorno habendo* was not awarded by the justice in the replevin suit, is not a good defense to appellee's suit on the bond.   Appellee is not suing here for the value of the calf but only for the expenses incurred by him.

" The condition in a replevin bond that the plaintiff will prosecute his suit to effect and without delay, is a substantive and independent condition and as material as any other. If the plaintiff fails to do this he is liable to an action, not-

withstanding he may have kept the sheriff harmless and made return of the property." Humphrey v. Taggart, 38 Ill. 229.

In the case of Vinyard v. Barnes, 124 Ill. 346, it was held that the conditions in a replevin bond to prosecute the suit to effect, and to make return of the property, are distinct, and the condition is broken and the bond forfeited by a failure in either. In this case appellant Myers did not prosecute his suit with effect and his failure to do so was a breach of that condition of the bond which entitled appellee to maintain this suit. This court, in the case of Reno v. Woodyatt, 81 Ill. App. 553, said, " a judgment in a replevin suit, which does not award a return, does not impose any liability upon the sureties on the replevin bond." In that case, however, no property being found, the action of replevin was changed to one in trover, and it was held that it was not the intent of the statute that the replevin bond should secure costs and attorney's fees in an action of trover, following a failure to obtain any of the property on the writ of replevin. This was the main feature of the decision, and the theory upon which the case was decided, and what was said in regard to the liability of sureties on a replevin bond, where no return was awarded, was only meant to apply to the case then before the court, or cases involving similar facts.

We are of opinion that where the suit on the bond is for damages for failure to return the property, there can be no recovery unless a writ of *retorno* is shown to have been awarded by the judgment; but where no such damages are claimed and the suit is brought to recover costs for a breach of that part of the bond which provides that the plaintiff shall prosecute his suit to effect, a recovery may be had although no writ of *retorno* was awarded. Fellheimer v. Hainline, 65 Ill. App. 384. The verdict and judgment are both informal. The penalty of the bond was $30 and a formal verdict would have found the debt $30, damages $18, and the judgment would have been according to such finding, the debt to be satisfied on payment of the damages.

The verdict and judgment, however, were only for $18 damages, no mention being made of the debt. The omission to state the amount of the debt was only a technical informality not affecting the merits of the case and affords no reason for reversing the judgment. Bowden v. Bowden, 75 Ill. 111; Italian-Swiss Ag. Colony v. Pease, 194 Ill. 98. The judgment of the court below is accordingly affirmed.