## William J. Flannigan et al., Appellants, v. P. F. Erwin, Constable, for use of Clara Gravens, Appellee.

1. REPLEVIN—*when action involuntarily discontinued.* A replevin suit is involuntarily discontinued when change of venue is granted and the second justice is not found, and the third justice, after delivery of the papers and transcript from the first, refuses to take jurisdiction.

2. REPLEVIN BOND—*when condition broken.* The condition of a replevin bond is broken where the plaintiff suffers an involuntary nonsuit, dismissal, or discontinuance.

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed June 5, 1912.

HOLLY & GRAYBILL, for appellants.

WEBB & WEBB, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This cause was submitted to the trial court on an agreed statement of facts which were in substance; that one Edna Greer sued out before a justice a writ of replevin against certain described goods alleged to be the property of appellee Clara Gravens; that Erwin the constable to whom the writ was delivered took the property described from appellee; that appellee was granted a change of venue from the justice who issued the writ to another justice to whom the transcript and papers were sent; that the latter justice was not found whereupon the first justice delivered the papers and transcript to a third justice who refused to take jurisdiction of the case or to docket and try it; that the statutory replevin bond in the sum of four hundred dollars for the use of appellee was still with the papers; that the principal and sureties on the bond were the plaintiff in the replevin suit and the appellants; that there had never been a final trial of the replevin suit, and no judgment had been rendered therein against either party and no order made for the return of the property and that said Edna Greer still had possession thereof. It was further agreed that the value of the property was one hundred and ninety dollars and if judgment was rendered in favor of appellee it should be for that amount.

The court found the issues for the plaintiff and assessed appellee's damages at the sum of one hundred and ninety dollars.

The breach of the bond claimed is that the plaintiff in replevin failed to prosecute her suit with effect and without delay and appellants contend that if that is the breach relied on the value of the property replevined cannot be recovered; that there can be no recovery for the value of the property without proof of a judgment awarding its return. However, that may be in the absence of a stipulation, that question was disposed of by the agreement, by the terms of

which if appellee was entitled to any judgment at all the damages were fixed at the sum of one hundred and ninety dollars.

The sole question to determine is, whether there was a breach of the bond in failing to prosecute the suit with effect and without delay.

When the transcript and papers were taken by change of venue to the third justice who refused to take jurisdiction of and try the case, the result was a discontinuance of the case. It does not appear whether the justice refused to try the case capriciously or whether he was not the nearest justice, not of kin to either party or interested in the event of the suit as counsel or otherwise, but whatever may have been his excuse his failure to try it resulted in a discontinuance and the cause was out of court. The court in which the suit was filed had lost jurisdiction of the case, (Goodhue v. People, 94 Ill. 47) and no other court acquired it.

The discontinuance was not voluntary on the part of the plaintiff in the suit, but the rule is that the condition of the bond is broken where the plaintiff suffers an involuntary nonsuit dismissal or discontinuance of the action. (Am. & Eng. Ency. of Law, Vol. 24, page 540 and cases cited.)

In our opinion there was a breach of the bond in this case and the judgment for one hundred and ninety dollars as provided in the stipulation was right. No error appearing in the ruling of the court on propositions of law, the judgment is affirmed.

*Affirmed.*