(No. 19590.—

LUNETTA L. DANFORD, Defendant in Error, vs. W. H. WATKINS *et al.* Plaintiffs in Error.

*Opinion filed October 19, 1929—Rehearing denied Dec. 11, 1929.*

HEARD, J., took no part in this decision.

LESLIE J. TAYLOR, and EDWARD E. ADAMS, for plaintiffs in error.

JOHN E. HOGAN, LEAL W. REESE, and J. W. COALE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

In an action of debt on a replevin bond, in which Lunetta L. Danford, coroner of Christian county, for the use of the Mt. Auburn State Bank, was plaintiff, and W. H. Watkins, Troy Long and William A. Watkins were defendants, the circuit court of Christian county, hearing the cause without a jury, found the issues in favor of the plaintiff and rendered judgment against the defendants, the obligors on the bond, for $4500 debt and $600 damages, the debt to be discharged upon the payment of damages and costs. Appeals were prayed by the parties, respectively, to the Appellate Court, but the defendants, only, perfected their appeal. The plaintiff assigned cross-errors, and the Appellate Court affirmed the judgment on January 10, 1929. The appellants in the Appellate Court filed a petition for

a writ of *certiorari* to the April term, 1929, of this court. The appellee filed no answer to the petition but filed what was designated as a cross-petition, stating that she desired, so far as she might be permitted to do so, to concede the right to have the writ petitioned for granted, because in her opinion the judgment of the Appellate Court in affirming the judgment of the circuit court was erroneous in refusing to render judgment for the full amount of damages shown by the evidence and in refusing to pass upon the cross-errors assigned by the appellee, and she desired a review of the decision of the Appellate Court in these particulars. She therefore asked that the petition for the writ of *certiorari* be granted that an opportunity might be given to pass upon the cross-errors assigned in the Appellate Court. She also made a motion for leave to file an additional abstract and to assign cross-errors.

The statute authorizing the issue of writs of *certiorari* to require cases adjudged in the Appellate Court to be certified to the Supreme Court for review, requires the petition to be filed twenty days before the first day of the term at which application for the writ must be made, which in this case was the April term. If the appellee in the Appellate Court desired to have the cause reviewed by a writ of *certiorari* her petition for that purpose should have been filed twenty days before the April term. The filing of her cross-petition did not extend the time in which she was required to apply for the writ. The statute makes no provision for the filing of a cross-petition. The motion for leave to file an additional abstract and to assign cross-errors was denied. The petition of the appellants was allowed.

The bond was the statutory replevin bond, conditioned that the plaintiff, W. H. Watkins, should prosecute his suit to effect and without delay and make return of the property if return thereof should be awarded, and should save and keep harmless the sheriff in replevying the property, and, moreover, should pay all costs and damages oc-

casioned by wrongfully suing out the writ of replevin. The plaintiff filed a bill of particulars consisting of three items: (1) For the value of the property taken by the writ of replevin, $3000; (2) interest upon the value of the property from its taking, $750; (3) attorney's fees and expenses of the defendant in the replevin suit, $750. The record of the replevin suit shows that in the circuit court a judgment was rendered in favor of the plaintiff in replevin; that the goods replevied were the property of the plaintiff and had been taken and unjustly detained by the defendant, the sheriff, and that the plaintiff in replevin should have and retain them. The defendant in replevin appealed to the Appellate Court for the Third District, which reversed the judgment without remandment and made the finding of fact that "the chattel mortgage given by Grover C. Watkins to appellee was void as against the rights and interests of the Mt. Auburn State Bank, and that appellant was in possession of said property (being property described in said writ and bond) by virtue of a levy of an execution which was a valid lien upon said property." (*Watkins* v. *Dunbar*, 232 Ill. App. 1.) The appellees petitioned for a writ of *certiorari* but their petition was denied and the judgment of the Appellate Court has never been reversed or modified.

The judgment of the trial court in the present suit was in favor of the plaintiff for the third item of her bill of particulars, to the amount of $600, for attorney's fees and expenses, but against the plaintiff and in favor of the defendants for the other two items, the value of the property and damages for its detention. No writ of *retorno habendo* was awarded in the replevin suit. The Appellate Court made the finding that the sheriff was in possession of the property by virtue of an execution which was a valid lien on it and that the plaintiff's chattel mortgage was void as against the plaintiff in the execution, but it made no order for a writ of *retorno habendo* and it reversed the cause but

did not remand it. The circuit court was therefore without jurisdiction to enter any order for a return of the property. It made such an order, but the order was reversed on the appeal of the plaintiff in that suit. *Watkins* v. *Dunbar*, 318 Ill. 174.

The plaintiffs in error have raised certain questions arising on the pleadings. It is contended that the court erred in not rendering judgment on their first special plea, to which a demurrer was overruled and which was not replied to. The abstract shows two pleas filed September 14, 1927, four additional pleas filed September 16, and three pleas filed October 6. An order entered October 6 is shown in the abstract, stating: "Demurrer sustained as to first and third additional pleas and overruled as to first and third additional pleas. Plaintiff excepts to overruling of the first additional plea, and as to that stands by his demurrer and declines to reply to said first plea and joins issue on the fourth additional plea. Demurrer to pleas, filed September 14, 1927. Demurrer sustained, to which defendants except. By leave of court additional pleas are filed and demurrer to same filed. Demurrer sustained to said additional pleas. Motion by defendants for judgment on failure to reply to first additional plea." The first additional plea of September 16 states that "there is not any record of the supposed order for writ of *retorno,* or for return of the property mentioned in the said circuit court nor in said Appellate Court in manner and form," etc. The declaration contains no allegation that there was any such order. The so-called first additional plea therefore amounted to no more than a demurrer to the declaration, and the plaintiff could not join any issue of fact on it.

The plaintiffs in error say that they were entitled to judgment on the first special plea of October 6. They recite, however, the first plea of September 16, saying that the defendants moved for a judgment on the plea, which was denied, and that the plea was a complete answer to

the declaration, entitling the defendants to judgment in bar of the action. This reference, however, is to the plea of September 16, which we have just considered. The plea of October 6 denied that plaintiff in the replevin suit did not prosecute his suit with effect but avers that he did prosecute his suit with effect and judgment was rendered in his favor, by which it was adjudged by the court, upon the date of the entering of said judgment, that Watkins became and was entitled to possession of the chattels in said declaration mentioned. This plea was no answer to the declaration, which admitted the judgment of the circuit court in favor of Watkins and alleged that it was reversed by the Appellate Court. Demurrers were sustained to two other additional pleas which the plaintiffs in error contend stated a good defense. They were similar in their allegations, and the substance of each of them was that the sheriff (Dunbar) came to the premises where Watkins had the property in his possession and claimed to have made a levy upon it, though the defendants deny that any levy was made upon any part of the property; that after the sale under the chattel mortgage and the taking possession of the property, and long after the expiration of the execution, the sheriff threatened to remove the property, and thereupon it was agreed by Watkins and the sheriff, with the consent of Danford, the coroner, that there should be a pretense of taking possession by the sheriff and that the rights of the parties should be determined by a proceeding in the nature of replevin. Thereupon Watkins caused the replevin bond to be prepared and placed in the hands of Danford, the coroner, for the sole purpose of carrying out the agreement of the parties and cause the records to show that the forms of replevin had been complied with. The pleas deny that before suing out the writ of replevin the sheriff ever had possession of the property or any part of it but it remained in Watkins' possession from the time of taking possession under the mortgage, and the sheriff never saw, entered into

possession of or delivered the property to Watkins, but the bond and proceedings were, by virtue of said understanding, for the purpose of determining the right of possession and the *bona fides* of the obligation of Grover C. Watkins, and it was never considered by any of the parties that any liability attached to the defendant Troy L. Long or William A. Watkins, who were the sureties, by virtue of the execution of the writing; that a declaration was filed in the form of a replevin suit, and upon a hearing in the circuit court judgment was rendered in favor of the plaintiff, from which the sheriff, Dunbar, appealed to the Appellate Court, which reversed the judgment without remanding the case, leaving Watkins in possession of the property, and the plea denies that the defendants, or either of them, were liable on the bond to the coroner or any other person but it was a mere paper form, and was so understood by all the parties to the action of replevin.

The plaintiffs in error contend that the facts alleged in the plea estopped the defendant in error to claim any liability against the sureties upon the bond. The record shows that a replevin suit was instituted in the circuit court, in which the rights of the parties were submitted to the court for adjudication and were adjudicated. The pleas aver, in substance, that the parties agreed to submit to the court a pretended controversy, and did submit the cause on facts which the plea states to be untrue, for the purpose of having the court take jurisdiction of the cause upon a fictitious statement of facts. The plaintiff must have made an affidavit that he was the owner of the property and entitled to the possession of it and that the sheriff wrongfully detained it. The last statement the plea says was untrue. The bond was executed in the manner required by law, and the object of the pleas is to vary the meaning of the instrument, to have it held a mere form and of no effect, and to destroy it, together with the solemn record of the court. By means of the affidavit, the writ, the bond and the im-

position on the court, according to the plea, a judgment in favor of the plaintiff was obtained. After the judgment has been reversed the plaintiff claims the defendant is estopped to claim any liability against the sureties on the bond. No element of estoppel applies to this situation. The demurrer to these pleas was properly sustained.

The judgment for $600 is supported by the evidence in the case. The bond was conditioned "for the payment of all costs and damages occasioned by wrongfully suing out said writ of replevin." That the writ was wrongfully sued out is established by the judgment of the Appellate Court. That attorney's fees in defending the suit and prosecuting the appeal to the Appellate Court were proper elements to be considered of damages occasioned by wrongfully suing out the writ is clear. (*Gilbert* v. *Sprague,* 196 Ill. 444; 2 Sutherland on Damages,—2d ed.—sec. 505.) Attorney's fees have frequently been recovered on replevin bonds; and this is true, also, of attachment bonds similarly conditioned. In assessing damages on the dissolution of an injunction, solicitor's fees necessarily incurred may be recovered under the statutory authority to assess such damages as the nature of the case may require. (*Ryan* v. *Anderson,* 25 Ill. 372; *Misner* v. *Bullard,* 43 id. 470; *Kohlsaat* v. *Crate,* 144 id. 14; *Keith* v. *Henkleman,* 173 id. 137.) The same reasoning applies to the replevin bond. The replevin bond was for the benefit of the judgment creditor, whose execution the sheriff held and for whom he was acting. It was given the sheriff, in accordance with the statute, for the benefit of anybody who might be damaged by the wrongful suing out of the writ of replevin. The suit was necessarily brought in the name of the sheriff but it was for the use of the persons entitled to the benefit of the bond, and the attorney's fees incurred in the necessary defense of the replevin suit, whether by the sheriff or the judgment creditor, were recoverable against the obligors. *Petrie* v. *Fisher,* 43 Ill. 442.

The defendant in error, after the allowance of the writ of *certiorari,* assigned cross-errors intended to present, and which did present, the question whether upon a replevin bond conditioned as required by the statute, as the bond in this case was, there can be a recovery of the value of the property without proof of a judgment awarding its return. The assignments of cross-error in the Appellate Court, based on the holding of certain propositions of law and the refusing to hold others and upon the action of the trial court in rendering judgment against the appellee's claim for the value of the property and damages for its wrongful taking and detention, raised the question of the appellant's right to recover upon these items of its bill of particulars. The Appellate Court did not consider these assignments of cross-error, saying in its opinion that "the matter of recovery for the value of the personal property wrongfully replevined, which was a controverted matter in the trial court, is not involved in this appeal. As stated in the appellant's brief, the only matter involved in this appeal is the legal propriety of the judgment against the appellant for the allowance of the $600 attorney's fees as damages. * * * In denying the petition for rehearing filed by the appellee the court desires to point out that the affirmance of the judgment made it unnecessary to pass upon the cross-errors assigned by the appellee, inasmuch as the cross-errors by the affirmance became merely academic questions." The effect of the judgment of the Appellate Court was, without any discussion of the cross-errors assigned, to overrule them. They should have been considered and decided. We do not, however, deal with the process of reasoning or opinion of the Appellate Court but with its judgment. The judgment of affirmance was right in spite of the statement that the question of recovery for the value of the property was not involved in the appeal and that by the affirmance the cross-errors became merely academic questions.

The undertaking of a surety is to be strictly construed, and under a replevin bond conditioned "that the plaintiffs shall prosecute their suit to effect and without delay and make return of the said property, if return thereof shall be awarded," there can be no recovery of the value of the property replevied without proof of a judgment awarding its return. The judgment determined the right of the defendant in replevin to the possession and return of the property, and when no return is awarded it will be presumed that it was made to appear that the plaintiff had become entitled to the possession of the property. *Vinyard v. Barnes,* 124 Ill. 346.

The defendant in error argues that in the case just cited there was no finding as to whether the defendant or plaintiff was entitled to the property, the only judgment entered being a dismissal of the replevin suit, while in this case the Appellate Court, in reversing the judgment in the replevin suit, made a finding of fact that the chattel mortgage given by Grover C. Watkins was void as against the rights and interests of the Mt. Auburn State Bank, and that the appellant was in possession of said property by virtue of a levy of an execution which was a valid lien upon said property, from which the conclusion is drawn that there can be no presumption that it was made to appear that the plaintiff had become entitled to the possession of the property. The finding of fact mentioned referred to conditions existing at the time the property was replevied and has nothing to do with the presumption arising from the judgment that at the time of judgment the plaintiff had become entitled to the possession of the property. The record shows no breach of the bond by a failure to return the property, if return thereof should be awarded, because no return of the property was awarded.

The judgment is affirmed.          *Judgment affirmed.*

Mr. JUSTICE HEARD took no part in this decision.