SAUL AZAR, Plaintiff-Appellant, v. STATEWIDE INSURANCE COMPANY, Defendant-Appellee.

Second District No. 2—96—0640

Opinion filed June 4, 1997.

Richard E. Steck, of Steck & Spataro, of Chicago, for appellant.

John P. Christensen, of Fuqua, Winter & Stiles, Ltd., of Waukegan, for appellee.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

Saul Azar, the plaintiff in this cause, brought an action on a replevin bond against the defendant, Statewide Insurance Company (Statewide). See 735 ILCS 5/19—127 (West 1994). Statewide was the surety on the bond, which had been posted in the amount of $6,000. The trial court granted Statewide's motion to dismiss, and the plaintiff timely appeals. We reverse and remand for further proceedings.

Azar's complaint, filed on December 29, 1995, alleged that he had been named as the defendant in a prior replevin action filed by his former tenants, Jeffrey Fishman and Rochelle Fishman. In this underlying replevin action, the Fishmans sought to recover certain of their personal belongings being held by Azar. On April 22, 1994, the trial court issued an order for replevin, requiring Azar to return these personal belongings to the Fishmans. Before this order of replevin was executed, the Fishmans gave the sheriff of Lake County, Clinton Grinnell, a statutory replevin bond in the sum of $6,000. The bond was executed by the Fishmans as principals and by Statewide as surety.

On August 25, 1994, after the order of replevin had been executed and the property returned to the Fishmans, but prior to the trial on the underlying action, the trial court dismissed the case as a discovery sanction and because the Fishmans had failed to appear. The trial court also awarded damages in favor of Azar and against the Fishmans in the amount of the bond, $6,000, plus costs.

In the instant suit against Statewide, Azar now seeks to recover as damages the full amount of the replevin bond. Azar alleges that under the terms of the bond Statewide and the Fishmans bound themselves jointly and severally to defend, save, and indemnify the sheriff and his successors from all actions, suits, costs, and damages

arising from the execution of the writ of replevin. Azar contends that this bond obligation could have been discharged only in the following manner: (1) by the Fishmans prosecuting the underlying action to effect and without delay; and (2) by the Fishmans returning the property to Azar had the trial court ordered them to do so, paying all costs and damages occasioned by wrongfully obtaining the order of replevin.

Azar's complaint further alleges that the Fishmans did not prose-cute the underlying replevin action with effect, but wholly failed to do so, as evidenced by the trial court's August 25, 1994, order dismiss-ing the action and awarding him damages in the amount of $6,000, plus costs. Azar alleges that an action has accrued to him to demand the sum of $6,000, which Statewide, the present defendant, has refused to pay and that the refusal to pay the amount of the bond is vexatious and without reasonable cause (citing 215 ILCS 5/155 (West 1994)).

In moving to dismiss the action on the bond, Statewide argued that the damages awarded in the underlying replevin action were intended to be a sanction against the Fishmans. Statewide argued that, in the absence of an order to return the property, it was not li-able as the bond surety. See *Danford v. Watkins*, 337 Ill. 222 (1929). On April 24, 1996, the trial court granted Statewide's motion to dismiss.

■ The replevin bond statute states in pertinent part:

"[T]he plaintiff *** shall give to the sheriff or other officer a bond with sufficient security in double the value of the property about to be replevied, conditioned that he or she will prosecute such action to effect and without delay and make return of the property to the defendant if return of the property shall be awarded or will deliver the same *** and save and keep harmless such sheriff or other officer as the case may be, in replevying such property and further conditioned for the payment of all costs and damages occasioned by wrongfully obtaining out the order for replevin ***." 735 ILCS 5/19—112 (West 1994).

Section 19—123 of the Code of Civil Procedure (Code) provides:

"If the plaintiff in an action of replevin fails to prosecute the ac-tion with effect, or allows a voluntary or involuntary dismissal, or if the right of property is adjudged against the plaintiff, judgment shall be entered for a return of the property if such property has been delivered to the plaintiff, and damages for the use thereof from the time it was taken until a return thereof is made, unless the plaintiff shall, in the meantime, have become entitled to the possession of the property, in which event judgment may be entered against the plaintiff for costs and such damage as the de-

fendant has sustained; or if the property was held for the payment of any money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property in case such property was delivered to the plaintiff." 735 ILCS 5/19—123 (West 1994).

Additionally, the Code provides that damages may be awarded to the defendant "if the plaintiff takes a voluntary dismissal or an involuntary dismissal is ordered by the court or judgment is entered for defendant without a trial." 735 ILCS 5/19—126 (West 1994). If at any time the conditions of the required bond are broken, the sheriff or other officer, or the plaintiff, in the name of the sheriff, "for his or her own use, or the defendant or intervening party, as the case may be, may proceed and maintain an action on such bond for the recovery of all damages and costs, as have been sustained in consequence of the breach." 735 ILCS 5/19—127 (West 1994).

The provisions of the instant replevin bond provide *inter alia* that the Fishmans, as principals, and Statewide, as surety, are firmly bound, jointly and severally, to Clinton Grinnell, the sheriff of Lake County, for the payment of $6,000 upon certain conditions in connection with the sheriff's execution of the writ to levy upon certain personal property of Azar at the instance of the Fishmans. The bond states that, if the Fishmans defend, save, keep harmless and indemnify the sheriff and his successors in office, his heirs, etc., from all actions, suits, costs, and damages and expenses whatsoever, including attorney fees, which may arise "by reason of the execution of the writ as aforesaid, and the retaining possession of and selling the property under said writ or other process hereafter to issue, *** then this obligation [shall] be void; otherwise [it shall] remain in full force and effect."

After construing the replevin statutes and the provisions of the bond, we conclude that Azar should be permitted to bring his cause of action, provided it is properly pleaded.

■ A replevin bond is given pursuant to the replevin statutes, which enter into and form a part of the bond, and the manifest object of the bond is to secure the prosecution of the replevin suit in which it is given to effect and without delay and make return of the property to the defendant if return of the property is awarded; the bond is intended to assist the parties in obtaining justice. *Magerstadt v. Field*, 160 Ill. App. 23, 29-30 (1911); 735 ILCS 5/19—112 (West 1994).

■ It is well established that the conditions of a replevin bond require the plaintiff (1) to prosecute the suit to effect and without delay; and (2) to make a return of the property if return is awarded;

these are distinct and separate conditions, and a condition is broken and *the bond is forfeited by a failure in either condition. Vinyard v. Barnes*, 124 Ill. 346, 350 (1888); *Myers v. Dixon*, 106 Ill. App. 322, 324 (1902). Thus, a breach of the replevin bond may occur where the plaintiff suffers an involuntary nonsuit, dismissal, or discontinuance of the action. *Flannigan v. Erwin*, 173 Ill. App. 452, 454 (1912).

■ It has been generally stated that where the suit on the bond is for damages for the failure to return the property, there can be no recovery unless a writ of *retorno* is shown to have been awarded by the judgment. *Myers*, 106 Ill. App. at 324; see *Danford*, 337 Ill. at 231 ("The judgment determined the right of the defendant in replevin to the possession and return of the property, and when no return is awarded it will be presumed that it was made to appear that the plaintiff had become entitled to the possession of the property"). Nevertheless, "where no such damages are claimed and the suit is brought to recover costs for a breach of that part of the bond which provides that the plaintiff shall prosecute his suit to effect, a recovery may be had although no writ of *retorno* was awarded." *Myers*, 106 Ill. App. at 324.

■ It is well settled then that the objective of a statutory replevin bond is not merely to indemnify the sheriff, but it is also to furnish an additional remedy to the defendant in case the plaintiff fails to maintain and prosecute his suit to effect. *Petrie v. Fisher*, 43 Ill. 442, 443-44 (1867). It is used to indemnify the party actually interested at the time judgment is to be entered against the wrongful prosecution of the supposed cause of action. *Union Trust Co. v. Shoemaker*, 258 Ill. 564, 569 (1913) (allowing substitution of parties). Although given to the sheriff in accordance with the statute, the replevin bond is for the use of those persons entitled to the benefit of the bond. Damages, including attorney fees, incurred in the necessary defense of the replevin suit may be awarded in favor of the injured party and against the obligors on the bond. See *Danford*, 337 Ill. at 229 (affirming an award of attorney fees for the wrongful suing out of the writ despite the absence of an order to return the property).

■ We conclude that a defendant in a replevin suit may have a subsequent cause of action on the bond to recover damages suffered as the result of the replevin suit where the plaintiff fails to prosecute the suit to effect and without delay and where, as here, the plaintiff suffers an involuntary dismissal. *Franks v. Matson*, 211 Ill. 338, 345 (1904) (nominal damages); *Flannigan*, 173 Ill. App. 452; *Myers*, 106 Ill. App. at 324. This action is based on a breach of a condition of the bond separate from the condition that the property must be returned if so ordered. It is quite foreseeable that a defendant may suffer dam-

ages where the plaintiff fails to appear and defend his own action after he has obtained the replevied property. A defendant from whom the property was replevied will have no remedy if he is in fact injured when the plaintiff walks away from his own replevin suit and the court does not order a return of the property. The law gives the injured defendant an alternative remedy.

Furthermore, where there is an unsatisfied recovery against a principal on the bond (including a prior unsatisfied judgment), the aggrieved party has a subsequent action against the surety where, as here, the obligation is joint and several. *People v. United States Fidelity & Guaranty Co.*, 289 Ill. App. 498, 505-06 (1937) (a judgment against one of several obligors, without satisfaction, is no bar to a recovery against the others).

■ Here, the court dismissed the original replevin suit as a discovery sanction and because of the plaintiffs' failure to appear. The court then entered judgment for Azar and against the plaintiffs in the amount of the bond posted, $6,000, plus costs. The bond provides for joint and several liability. According to the allegations in the action on the bond, the judgment in the prior replevin suit remains unsatisfied. Azar is thus permitted a subsequent cause of action on the bond against the surety. We conclude that the court erroneously granted the motion to dismiss the complaint on the basis Statewide presented.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

RATHJE and HUTCHINSON, JJ., concur.